IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 11, 2012

## ELIJAH TRUITT v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 99-D-2942      Seth Norman, Judge**

_____

**No. M2012-00100-CCA-R3-CD - September 25, 2012**

_____

The petitioner, Elijah Truitt, appeals the summary dismissal of his motion to correct his sentence, claiming that his sentence is illegal. The petitioner's claim that the trial court erroneously imposed a day-for-day service requirement to his 11-year effective sentence is without merit. Thus, the trial court's summary dismissal of the petitioner's motion to correct his sentence is affirmed. The record suggests, however, that the trial court failed to grant him credit for time spent on community corrections as required by law. In consequence, we remand the case to afford the pro se petitioner the opportunity to amend his original pleading to a petition for writ of habeas corpus and for the trial court to determine whether the petitioner was given credit to which he is statutorily entitled.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed; Remanded**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

Elijah Truitt, Henning, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Dan Hamm, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On July 10, 2006, the petitioner pleaded guilty to a single count of possession with intent to sell .5 grams or more of cocaine in exchange for a Range II, 11-year sentence

to be served in a community corrections program.[1]  On March 13, 2007, the trial court
revoked the petitioner's community corrections placement and ordered him to serve 120 days
day-for-day at 100 percent from the date of his arrest and then be reinstated to community
corrections.  On December 17, 2007, the trial court again revoked the petitioner's community
corrections placement, this time ordering him to remain incarcerated "until 10-2-08," day-
for-day at 100 percent, and then be reinstated to community corrections.  On October 19,
2009, the trial court, for a third time, revoked the petitioner's community corrections
placement and ordered that "the previously imposed judgment [be] placed into effect."  The
trial court granted the petitioner jail credit for the following periods:  from January 1, 1999
to January 28, 2000; from September 10, 2003 to July 10, 2006; from October 2, 2007 to
October 2, 2008; and from October 1, 2009 to October 19, 2009.  The trial court later
amended the amount of jail credit to reflect a period of June 30, 1999 to January 28, 2000.
The remaining jail credit was not affected by the amendment.

On October 6, 2011, the petitioner filed a motion to correct his judgment
alleging that "[t]he amended judgments ordering defendant to serve his eleven year at 35%
sentence day for day at 100% are illegal upon the face."  The trial court summarily dismissed
the pleading, concluding that the petitioner's 11-year sentence had not been altered to reflect
an illegal release eligibility percentage.

In this appeal, the petitioner contends "[t]hat the amended judgments dated
March 13, 2007 and December 17, 2007 were and are illegal as they ordered him to serve his
sentence day for day at one-hundred percent (100%)."  The State contends that summary
dismissal of the petitioner's motion was appropriate because the proper procedure for
attacking an illegal sentence is via a petition for writ of habeas corpus.  In addition, the State
contends that the record does not support the defendant's claim that the trial court ordered
that he serve his originally-imposed 11-year sentence at 100 percent.

The State is correct that a petition for writ of habeas corpus rather than a
motion to correct an illegal sentence is the appropriate procedural mechanism for challenging
an allegedly illegal sentence.  *Cantrell v. Easterling*, 346 S.W.3d 445, 453 (Tenn. 2011)
(citing *Moody v. State*, 160 S.W.3d 512, 516 (Tenn. 2005)).  The petitioner in this case filed
the latter rather than the former, and the trial court would have been justified in dismissing
the pleading on this basis alone.  More importantly, however, the record does not support the

_____

[1]We note that the Code does not authorize a Range II sentence of 11 years.  The Range II sentence
range for a Class B felony is 12 to 20 years, and the Range I sentence range is eight to 12 years.  Release
eligibility and range classification, however, are not jurisdictional, and "a knowing and voluntary guilty plea
waives any irregularity as to offender classification or release eligibility."  *Hoover v. State*, 215 S.W.3d 776,
780 (Tenn. 2007).

petitioner's claim of sentence illegality.  As the petitioner alleges and the State concedes, the trial court had no authority to order "day-for-day" service of any term of incarceration imposed upon the revocation of the petitioner's community corrections placement.  *See, e.g.*, *Charles Edward Meriweather v. State*, No. M2008-02329-CCA-R3-PC, slip op. at 3 (Tenn. Crim. App., Nashville, Jan. 7, 2010).  That being said, the petitioner has already served those periods of confinement ordered to be served day-for-day, and the orders do not, as the petitioner contends, affect the 35 percent release eligibility percentage assigned to his 11-year sentence.

That being said, we perceive another possible problem with the petitioner's judgment in this case.  Despite granting the petitioner credit for time served in the jail, the trial court apparently did not grant the petitioner credit for time served in community corrections, as required by law.  *See Jackson v. Parker*, 366 S.W.3d 186, 190 (Tenn. Crim. App. 2011).  Tennessee Code Annotated section 40-36-106(e) provides that an offender serving a community corrections sentence is entitled to credit "for actual time served in the community-based alternative program."  T.C.A. § 40-36-106(e)(3)(B); *see also id.* § 40-36-106(e)(4) (stating that upon revocation, "the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration"); *Carpenter v. State*, 136 S.W.3d 608, 612 (Tenn. 2004).  "The award of credit for time served on community corrections is mandatory, and the trial court has no authority to deny credit 'no matter how lackluster or unsuccessful the defendant's performance.'"  *Jackson*, 366 S.W.3d at 190 (citations omitted).  Moreover, "community corrections credits, like pretrial and post-judgment credits, can only be awarded by the trial court," *see id.*, and "the failure to award credit for time actually spent on community corrections contravenes that statute and results in an illegal sentence, which is 'an historically cognizable claim for habeas corpus relief,'" *see id.* at 190-91 (quoting *Tucker v. Morrow*, 335 S.W.3d 116, 123 (Tenn. Crim. App. 2009)).

Accordingly, the case is remanded to the trial court with instructions to permit the petitioner to amend his pleading to one for writ of habeas corpus.  Following amendment of the pleading, the trial court should discern whether the petitioner was granted credit for time actually spent in a community corrections program.

_____
JAMES CURWOOD WITT, JR., JUDGE