IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 4, 2013

**JAMES GIBBS v. JERRY LESTER, WARDEN**

**Appeal from the Circuit Court for Lauderdale County**
**No. 6612     Joseph H. Walker, III, Judge**

**No. W2012-02139-CCA-R3-HC  - Filed June 18, 2013**

James Gibbs ("the Petitioner") filed a petition for writ of habeas corpus, alleging that the trial court erred in not giving him his proper community corrections credit. The habeas corpus court dismissed his petition without a hearing, stating that the Petitioner failed to allege a cognizable claim for habeas corpus relief and that he failed to establish that his sentence had expired. The Petitioner now appeals. After a thorough review of the record and the applicable law, we hold that the Petitioner has failed to demonstrate that his sentence has expired. Accordingly, we affirm the habeas corpus court's judgment denying relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment**
**of the Circuit Court Affirmed**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and JAMES CURWOOD WITT, JR., JJ., joined.

James Gibbs, pro se, Henning, Tennessee, as the appellant.

Robert E. Cooper, Jr., Attorney General and Reporter; and Sophia S. Lee, Senior Counsel, for the appellee, State of Tennessee.

**OPINION**

**Factual and Procedural Background**

The Petitioner was indicted for one count of sale of a controlled substance. He subsequently pleaded guilty to the indicted offense. The trial court entered judgment against the Petitioner on June 19, 2006, sentencing him to eight years' community corrections.

Although somewhat unclear from the limited record before us, a copy of the original judgment order included in the record contains notations indicating that the Petitioner's probation was revoked on November 20, 2007, and that the Petitioner's community corrections sentence was revoked on July 24, 2012. The Petitioner did not include a transcript of either revocation hearing in the record on appeal. On September 25, 2012, the Petitioner filed for habeas corpus relief, claiming that his sentence had expired because the trial court failed to award him of all his earned community corrections credit. On September 26, 2012, the habeas corpus court dismissed the Petitioner's petition without a hearing, finding that the Petitioner's claim was not cognizable within a habeas corpus proceeding and that the Petitioner's sentence had not expired. The Petitioner timely filed a notice of appeal.

## Analysis

The decision to grant habeas corpus relief is a question of law, and, thus, our Court's standard of review is de novo, with no presumption of correctness. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000); Killingsworth v. Ted Russell Ford, Inc., 205 S.W.3d 406, 408 (Tenn. 2006)).

Under the United States and Tennessee Constitutions, a convicted criminal enjoys the right to pursue habeas corpus relief. U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15. In Tennessee, however, this right has been governed by statute for over a century. See Ussery v. Avery, 432 S.W.2d 656, 657 (Tenn. 1968); Tenn. Code Ann. § 29-21-101(a) (Supp. 2009) ("Any person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in subsection (b) and in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint.").

In Tennessee, the "grounds upon which habeas corpus relief will be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). Moreover, "the purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992) (citing State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer v. State, 851 S.W.2d 157, 161-64 (Tenn. 1993)). On the other hand, "a voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes, 978 S.W.2d at 529). A petitioner must prove that his or her judgment is void or sentence has expired by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

A habeas corpus court may dismiss a petition for habeas corpus relief summarily "[w]hen the habeas corpus petition fails to demonstrate that the judgment is void." Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004) (citing Tenn. Code Ann. § 29-21-109 (2000); Dixon v. Holland, 70 S.W.3d 33, 36 (Tenn. 2002)).

The Petitioner contends that his claim is valid as a habeas corpus claim and asks this Court to remand the case "to the habeas court for an evidentiary hearing to determine that the petitioner is in fact due community corrections credit for which he has been denied." The State concedes that "[t]he trial court's failure to award community corrections credit is a cognizable claim for habeas corpus relief" but asserts that the Petitioner, nevertheless, is not entitled to habeas relief, citing Jackson v. Parker, 366 S.W.3d 186, 190-91 (Tenn. Crim. App. 2011).

In Jackson v. Parker, this Court addressed the very question of whether a petitioner challenging the trial court's failure to award community corrections credit had a cognizable claim in a habeas proceeding. Id. at 189. This Court held that "the failure to award credit for time actually spent on community corrections contravenes [Tennessee Code Annotated 40-36-106] and results in an illegal sentence, which is, as we observed in Tucker, 'an historically cognizable claim for habeas corpus relief.'" Id. at 190-91 (quoting Tucker v. Morrow, 335 S.W.3d 116, 123 (Tenn. Crim. App. 2009)).

Although such a claim is cognizable within a habeas corpus proceeding, our analysis does not stop there. We next must determine whether the Petitioner established, "by documentation exhibited to his petition, that he was entitled to [community corrections] credit and that the trial court failed to award it." Id. at 191 (citation omitted). The Petitioner included in his petition for relief a "Violation of Community Corrections" affidavit dated April 12, 2012, which stated the following: "[The Petitioner] . . . was on the 1st day of January, 2012 convicted of the offense of Sale of Cocaine in this same Court which sentenced the aforesaid to the community based alternative of Community Corrections for a period of 8 years[.]" The affidavit also provided the following: "[The Petitioner] was sentenced to the Community Corrections Program on January 9, 2012. On January 17, 2012, [the Petitioner] signed an admission to using marijuana on January 9, 2012. On February 20, 2012, he tested positive for Cocaine, Opiates, and Oxycodone."

The Petitioner contends that he should have received community corrections credit up until the date of the violation affidavit, which was April 12, 2012. See id. (noting that the filing of a violation warrant tolls a petitioner's community corrections sentence) (citing State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001)). It appears from the record that the trial court did award the Petitioner credit for the following dates: October 22, 2004, to December 2, 2004; June 19, 2006 to September 7, 2007 "street credit"; October 25, 2007 to January 19,

2012; and July 19, 2012 to July 24, 2012. The affidavit indicates, however, that, despite the Petitioner's assertion to the contrary, he was convicted of a new offense on January 1, 2012.[1] The Petitioner contends that he was not convicted of a "new" offense on January 1, 2012, and we do not have a copy of the judgment. As previously noted, the Petitioner has failed to include a transcript from the community corrections revocation hearing. Furthermore, we have no other documentation before this Court establishing why the trial court awarded credit through January 19, 2012, or establishing that the Petitioner was entitled to any additional credit. Accordingly, without such documentation, we are unable to determine whether the trial court correctly awarded the Petitioner his appropriate community corrections credit. See Summers, 212 S.W.3d at 261 ("In the case of an illegal sentence claim based on facts not apparent from the face of the judgment, an adequate record for summary review must include pertinent documents to support those factual assertions. When such documents from the record of the underlying proceedings are not attached to the habeas corpus petition, a trial court may properly choose to dismiss the petition without the appointment of counsel and without a hearing.").

Additionally, the Petitioner has failed to establish that his sentence has expired. As the habeas corpus court noted in its order denying relief, "[a]n [eight-]year sentence in 2006 has not expired." Even with the Petitioner's approximately two months of pretrial jail credit prior to the imposition of his eight-year sentence in 2006, he utterly has failed to establish how an eight-year sentence imposed on June 19, 2006, has expired as of the present date in 2013. Thus, the Petitioner has failed to establish that he is entitled to habeas corpus relief. Accordingly, the habeas corpus court did not err in summarily dismissing the petition.

## CONCLUSION

In summary, the Petitioner has not presented any claim which entitles him to habeas corpus relief. Accordingly, we affirm the habeas corpus court's order dismissing the Petitioner's claim for relief.

_____
JEFFREY S. BIVINS, JUDGE

---

[1] We first note that, in all likelihood, the January 1, 2012, date is a clerical error.