# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs December 10, 2013

## ELIJAH TRUITT v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2002-A-43      Seth Norman, Judge**

---

**No. M2013-01848-CCA-R3-HC - Filed April 10, 2014**

---

Petitioner, Elijah Truitt, pled guilty to possession of a firearm by a felon and possession of greater than .5 grams of cocaine with intent to sell in Davidson County. The trial court sentenced Petitioner to eleven years for possession of cocaine and two years for possession of a firearm to be served consecutively. Petitioner was placed on community corrections. Petitioner's community corrections sentence was eventually revoked and he was ordered to serve his original sentence as imposed. The trial court filed an amended judgment reflecting the revocation and imposition of the sentence. Petitioner filed a petition for writ of habeas corpus arguing that his sentence was illegal. After a thorough review of the record, we conclude that Petitioner's arguments are meritless. Therefore, we affirm the summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE MCMULLEN, JJ., joined.

Elijah Truitt, Pro Se, Nashville, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Assistant Attorney General; Victor S. Johnson, III, District Attorney General, and Dan Hamm, Assistant District Attorney General, for the appellant, State of Tennessee.

## OPINION

### Factual Background

To say that this case is a procedural quagmire is an understatement. On July 10, 2006, Petitioner pled guilty to possession of a firearm by a felon, case number 2002-A-43; and possession of greater than .5 grams of cocaine with intent to sell, case number 99-D-2942.

He was sentenced to two years for case number 2002-A-43 and eleven years for case number 99-D-2942. The trial court ordered the sentences to be served consecutively and all to be served in a community corrections program.

On March 13, 2007, the trial court filed an amended judgment for case number 2002-A-43, which was the result of a community corrections violation. In the amended judgment, the trial court provided that Petitioner was to be incarcerated for 120 days from his arrest on the violation and he would then be placed back on community corrections. The same amended judgment was also filed for case number 99-D-2942 on March 26, 2007. On December 17, 2007, the trial court filed another amended judgment for case number 2002-A-43 resulting from another community corrections violation. In this amended judgment, the trial court ordered Petitioner to serve until October 2, 2008, day for day at 100% and then be placed back on community corrections. The same amended judgement was filed for case number 99-D-2924 on the same date. On June 6, 2008, an amended judgment was filed in case number 2002-A-43 which placed Petitioner on community corrections for the balance of his sentence. The same amended judgment was filed for case number 99-D-2942 on the same date. Finally, the trial court filed an amended judgment on October 19, 2009, revoking Petitioner's community corrections sentence and ordering the previous judgment imposed. The same amended judgment was filed for case number 99-D-2942. The trial court also ordered no jail credit for case number 2002-A-43. The trial court did grant Petitioner jail credit for case number 99-D-2942. The trial court also ordered the sentences to be served consecutively.

On October 6, 2011, Petitioner filed a "Motion to Correct Judgment" for case number 99-D-2942. *Elijah Truitt v. State*, No. M2012-00100-CCA-R3-CD, 2012 WL 4377087, at *1 (Tenn. Crim. App., at Nashville, Sept. 25, 2012). In this motion, he argued "'[t]he amended judgments ordering defendant to serve his eleven year at 35% sentence day for day at 100% are illegal upon the face.'" *Id.* The trial court summarily dismissed Petitioner's motion because the judgment had not been amended to require 100% service of Petitioner's sentence. Petitioner appealed to this Court. *Id.* On appeal, the State argued that a motion to correct judgment was not the proper avenue of attack, and that Petitioner should have filed a petition for writ of habeas corpus. *Id.* This Court agreed with the State. *Id.* at *2. However, this Court identified another issue in that the trial court had not applied credit for time served on community corrections to the sentence. *Id.* This Court remanded Petitioner's case with "instructions to permit the Petitioner to amend his pleading to one for a writ of habeas corpus." Following the amendment of the pleading, the trial court should discern whether the petitioner was granted credit for time actually spent in a community corrections program. According to Petitioner's brief, the trial court entered an amended judgment in case number 99-D-2942 awarding him credit for time served in community corrections. We

note however that there is no independent document or pleading in the record confirming this claim.

On May 2, 2013, Petitioner filed a Petition for Writ of Habeas Corpus for 2002-A-43 which is the subject of this appeal. Petitioner argued that the trial court enhanced his sentence from one year to two years and that the trial court did not apply mandatory jail credit to his sentence that he earned during his time on community corrections. On July 18, 2013, the habeas corpus court filed an order summarily dismissing the petition. The habeas corpus court made the following findings:

> Regardless of Petitioner's failure to follow the statutory filing guidelines, he would not be entitled to relief via writ of habeas corpus. He contends that the judgment is void due to an explicit indication that he is not entitled to pretrial jail credits. Under T.C.A. § 40-23-101(c), defendants are entitled to pretrial jail credits for the time served in incarceration prior to imposition of judgment in a case. However, "a defendant incarcerated pretrial who then receives a consecutive sentence is allowed pretrial jail credits to be applied only to the first sentence." *State v. Hobert Dean Davis*, No. E2000-02879-CCA-R3-CD at *3 (Tenn. Crim. App. at Knoxville, March 4, 2002).
>
> The Petitioner has already received jail credit for the consecutive sentence in case number 99-D-2942, the judgment of which was imposed at the time the judgment in this case was entered. To grant such an award would essentially result in receiving double jail credits on his sentences, which is not permitted. *See Timothy L. Dulworth v. Henry Steward*, No. W2012-00314-CCA-R3-HC at *2 (Tenn. Crim. App. At Jackson, July 9, 2012). This issue is therefore without merit.
>
> Based on the foregoing analysis, the Court is of the opinion that the Petitioner has failed to demonstrate that his judgment is either void or that his sentence has expired. Therefore, the Petition for Writ of Habeas Corpus is hereby respectfully dismissed.

Appellant appealed the summary dismissal of his petition.

## ANALYSIS

On appeal, Petitioner argues that he is entitled to credit for his time served on community corrections and his sentence was illegally enhanced from one year to two years.

The determination of whether to grant habeas corpus relief is a question of law. *See Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). As such, we will review the habeas corpus court's findings de novo without a presumption of correctness. *Id.* Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *See Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor*, 995 S.W.2d at 83).

However, if after a review of the habeas petitioner's filings the habeas corpus court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. T.C.A. § 29-21-109; *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280 (Tenn. 1964). Further, a habeas corpus court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State*, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Hickman*, 153 S.W.3d at 19-20; *Archer*, 851 S.W.2d at 165. For the benefit of individuals such as Petitioner, our legislature has explicitly laid out the formal requirements for a petition for a writ of habeas corpus at Tennessee Code Annotated section 29-21-107:

-4-

(a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.

(b) The petition shall state:

(1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is the first application for the writ, or, is a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

"A habeas corpus court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements; however, dismissal is not required." *Hickman*, 153 S.W.3d at 21.

We first address Petitioner's assertion that his sentence is illegal because the trial court enhanced his sentence for this conviction from one year to two years upon the revocation of his community corrections sentence. The original judgment for this conviction clearly states that the sentence is two years for this conviction. Therefore, his assertion is clearly wrong and there is nothing on the face of the amended judgment to show that it is void or that his sentence has expired.

We now turn to Petitioner's second issue. Petitioner argues that the trial court did not apply credit for the time he spent on community corrections to his sentence. It is true that credit for time-served on community corrections is mandatory. *Jackson v. Parker*, 366 S.W.3d 186, 190 (Tenn. Crim. App. 2011). According to both Petitioner and the trial court, credit was applied to his eleven-year sentence set out in case number 99-D-2942. As stated

above, Petitioner has not included the amended judgment for case number 99-D-2942 in the record on appeal.

When a defendant has pretrial jail credits to be applied to consecutive sentences, the credits are applied only to the first sentence that is served. *Timothy L. Dulworth v. Henry Steward*, No. W2012-00314-CCA-R3-HC, 2012 WL 2742210, at *2 (Tenn. Crim. App., at Jackson, July 9, 2012). We think the application of community corrections credits would be analogous. Therefore, in the case at hand, the credits should be applied to whichever sentence is served first. The original judgment states that the two-year sentence for case number 2002-A-43 is to be served consecutively to the eleven-year sentence for case number 99-D-2942. Therefore, any community corrections credits earned before the amended judgments should be applied to case number 99-D-2942 not case number 2002-A-43. Therefore, Petitioner has not presented a basis upon which relief can be granted.

This issue is without merit.

## **CONCLUSION**

For the foregoing reasons, the summary dismissal of the petition for writ of habeas corpus is affirmed.

_____
JERRY L. SMITH, JUDGE