IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 2, 2016


**STATE OF TENNESSEE v. DAVID REED**


**Appeal from the Circuit Court for Madison County**
**No. 10285      Roy B. Morgan, Jr., Judge**

_____


**No. W2015-01740-CCA-R3-CD  - Filed March 29, 2016**

_____


Defendant, David Reed, appeals the trial court's denial of his motion to correct an illegal sentence filed pursuant to Tennessee Rule of Criminal Procedure 36.1.  Defendant argues that the trial court's failure to award post-judgment jail credit for time he spent incarcerated out-of-state prior to the revocation of his probation renders his sentence illegal.  Upon our review of the record and applicable authorities, we affirm the judgment of the trial court.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**


TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

David Reed, Henning, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Jerry Woodall, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.


**OPINION**


*Factual and Procedural Background*


Nearly five-and-a-half years ago, Defendant pled guilty to one count of burglary, one count of vandalism, and one count of evading arrest.  On July 29, 2010, he received sentences of two years and six months for the burglary conviction, two years for the

vandalism conviction, and two years for the evading arrest conviction. The trial court aligned the sentences for the burglary and vandalism convictions consecutively, with the sentence for evading arrest running concurrent to the other two counts, for a total effective sentence of four years and six months. Defendant was granted probation for all of his offenses. The trial court noted pretrial jail credit of approximately ten days on the judgment form for the burglary conviction.

In December of 2013, Defendant shot two people in Vicksburg, Mississippi. On January 8, 2014, the trial court issued a probation violation warrant because of the shootings and placed a detainer on Defendant. On October 24, 2014, after Defendant was returned to Madison County from Mississippi, the trial court revoked Defendant's probation.

On December 15, 2014, the trial court denied a motion filed by Defendant to modify his sentence and to receive post-judgment jail credits.[1] The trial court found that it no longer had jurisdiction to alter Defendant's sentence. The trial court also noted that the motion could not be construed as one to correct an illegal sentence because Defendant did not challenge the legality of his sentence.

On December 30, 2014, the trial court entered an order amending its probation revocation order to reflect that the two-year sentence for Defendant's vandalism conviction had already expired, leaving the two-and-a-half-year sentence for Defendant's burglary conviction as the only active sentence. That same day, the trial court entered a corrected judgment form for the vandalism conviction. The original judgment forms for the burglary and vandalism convictions referenced each other as consecutive sentences; however, under the terms of the plea agreement, the burglary conviction was to run consecutively to the vandalism conviction.[2]

On August 5, 2015, Defendant filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, asserting that his sentences for the burglary and evading arrest convictions[3] were void because the trial court failed to

---

[1] The motion itself does not appear in the record.

[2] The plea agreement is not in the record.

[3] As Defendant's two-year sentence for the evading arrest conviction was to run concurrently to both the vandalism and burglary convictions, it would have expired at the same time as his two-year sentence for the vandalism conviction. Rule 36.1 does not apply to expired sentences. *State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015).

award him post-judgment jail credits for the time he spent incarcerated in Mississippi.[4] On August 13, 2015, the State filed a response asserting that the credits Defendant sought had to be obtained through the Administrative Procedures Act rather than a motion to correct an illegal sentence. The trial court denied Defendant's motion on August 13, 2015, finding that Defendant had not asserted a colorable claim for relief. Defendant filed a timely notice of appeal.

*Analysis*

Rule 36.1 of the Tennessee Rules of Criminal Procedure provides a procedural mechanism for "[e]ither the defendant or the state" to seek correction of an illegal sentence. "For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). The trial court may summarily dismiss the motion if the defendant does not "state[] a colorable claim that the sentence is illegal." Tenn. R. Crim. P. 36.1(b). A "'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015).

Defendant argues that the trial court was required to award him post-judgment jail credit for the time he spent incarcerated in Mississippi and that the failure to do so renders his sentences illegal. Defendant argues that he was technically in the custody of the State of Tennessee from the date the probation warrant was issued until the date the trial court officially revoked his probation. Defendant cites two cases for the proposition that seeking a resolution of this matter through the Administrative Procedures Act would be futile and that the trial court should be responsible for applying post-judgment credits to his sentence. In the first case, *Tucker v. Morrow*, 335 S.W.3d 116, 122-25 (Tenn. Crim. App. 2009), this Court held that an allegation that a trial court failed to award pretrial jail credits stated a cognizable habeas corpus claim that a sentence was illegal. In the second case, *Jackson v. Parker*, 366 S.W.3d 186, 189-91 (Tenn. Crim. App. 2011), this Court held that an allegation that a trial court failed to award credit for time served in community corrections likewise stated a cognizable habeas corpus claim that a sentence was illegal. Defendant argues that these same principles apply to post-judgment jail credits.

The *Tucker* opinion contains a single sentence which refers to post-judgment jail credit: "Unfortunately, this Court has far too often conflated sentence reduction credits, which are governed solely by the Department of Correction, with *pretrial and post-*

---

[4] This may be Defendant's second motion to correct an illegal sentence, as there appears in the record a response to such motion filed by the State in February of 2015. However, only the Rule 36.1 motion is currently under consideration appears in the record.

*judgment jail credits*, which can be awarded only by the trial court." 335 S.W.3d at 122 (emphasis added). Similarly, the *Jackson* opinion, relying on *Tucker*, also states, "[c]ommunity corrections credits, *like pretrial and post-judgment credits*, can only be awarded by the trial court." 366 S.W.3d at 190 (emphasis added). However, this Court has previously held that these references in *Tucker* and *Jackson* to post-judgment jail credits were merely dicta and that an allegation that the trial court failed to award post-judgment credits does not state a cognizable claim of an illegal sentence under habeas corpus. *See Yates v. Parker*, 371 S.W.3d 152, 155-56 (Tenn. Crim. App. 2012) ("Although this court has determined that the denial of pretrial jail credit and community corrections credit present cognizable claims for habeas corpus relief, we conclude that claims for post-judgment jail credit are not cognizable habeas corpus claims."). Moreover, the supreme court has recently overruled the *Tucker* decision, holding that a trial court's failure to award pretrial jails credits does not render a sentence illegal, *Brown*, 479 S.W.3d at 213, thereby negating any precedential value that case may have provided.

Defendant also argues that the trial court's failure to award post-judgment credits "directly contravene[s] T.C.A. 40-35-209(P) [sic]." However, that statute deals with the original imposition of a sentence at the sentencing hearing, and subsection (e)(1)(P) requires only that the uniform judgment sheet contain "[t]he amount, if any, of *pretrial jail credit awarded*." T.C.A. § 40-35-209(e)(1)(P) (emphasis added). This statute does not require the trial court to assess post-judgment jail credits after revoking a defendant's probation. Moreover, the statute that does address revocation of probation merely states that "the sentencing court *may* cause the defendant to commence the execution of the judgment as originally entered, less any credit for time served." T.C.A. § 40-35-501(a)(7). Applying the logic of the supreme court's holding in *Brown*, "awarding or not awarding [post-judgment] jail credits does not alter the *sentence* in any way, although it may affect the length of time a defendant is incarcerated." 479 S.W.3d at 212 (emphasis in original). Therefore, while a trial court's failure to award post-judgment jail credits at the time it revokes a defendant's probation may be an appealable error, it does not render the sentence illegal. *See id.* at 208 (citing *Cantrell v. Easterling*, 346 S.W.3d 445, 449-52 (Tenn. 2011)) (discussing the difference between clerical errors, appealable errors, and fatal errors).

Finally, Defendant argues that the trial court erred when it entered corrected judgments reflecting that the sentence for the vandalism conviction was supposed to run prior to the sentence for the burglary conviction. However, Defendant chose not to appeal the trial court's entry of a corrected order. *See* Tenn. R. Crim. P. 36; Tenn. R. App. P. 3(b). Moreover, this claim is not cognizable under Rule 36.1. *See Brown*, 479 S.W.3d at 213 (noting that a failure of the judgment forms to accurately portray the agreed-upon sentence is subject to review under Rule 36 but does not render the sentence illegal under Rule 36.1).

*Conclusion*

Based on the foregoing, we hold that Defendant has failed to state a colorable claim that his sentence is illegal. Therefore, we affirm the judgment of the trial court.

_____
TIMOTHY L. EASTER, JUDGE