IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 21, 2016

## CARL JONES, JR. v. DOUG COOK, ET AL.

**Appeal from the Circuit Court for Bledsoe County**
**No. 2015CR27     J. Curtis Smith, Judge**

---

**No. E2015-01371-CCA-R3-HC – Filed May 4, 2016**

---

Pro se petitioner, Carl Jones, Jr., appeals the Bledsoe County Circuit Court's summary dismissal of his petition for writ of habeas corpus. In this appeal, the petitioner argues that his judgment of conviction is void because the trial court failed to award him jail credit for time served on community corrections. Upon review, we reverse the judgment of the habeas court and remand this matter for entry of an amended judgment awarding the petitioner 259 days of jail credit.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Carl Jones, Jr., Pikeville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Ahmed A. Safeeullah, Assistant Attorney General; James Michael Taylor, District Attorney General; and James W. Pope, III, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

On December 18, 2009, the petitioner received two consecutive two-year sentences for violating Tennessee's habitual traffic offender law and for failure to appear in case numbers 55416 and 57439, respectively. On July 21, 2010, he was granted determinate release in case number 55416 and ordered to serve the remainder of that sentence on probation. The expiration of the petitioner's determinate release probationary sentence in case number 55416 was November 4, 2013, and his probationary sentence in case number 57439 expired on November 4, 2011. The day after he received determinate release, the petitioner was sentenced to another three years'

incarceration in the instant case, case number 58018, with the first five months to be served in the Tennessee Department of Correction (TDOC) and the balance on community corrections. Although the judgment ordered the petitioner's three-year sentence to be served consecutively to "any unexpired sentence," it specifically required the petitioner to remain incarcerated until December 21, 2010, at which time he was to be placed on community corrections until the expiration of his sentence on November 4, 2016.

On April 7, 2011, a violation of community corrections supervision warrant was issued based on the petitioner's positive test for marijuana use and absconder status. On April 8, 2011, an arrest warrant and affidavit for a violation of probation was issued for the petitioner based on the same grounds as alleged in the violation of community corrections supervision warrant. The petitioner was arrested on February 25, 2012, and remained incarcerated pending his revocation proceeding on November 8, 2012. The trial court issued two separate orders, on November 13 and 14, 2012, revoking the petitioner's determinate release probation and community corrections sentence. In the trial court's order revoking the petitioner's determinate release probation, the trial court ordered the petitioner to receive credit for time in confinement from February 26, 2012 to November 8, 2012, a total of 256 days.[1] In the trial court's order revoking the petitioner's community corrections supervision, the trial court did not award any credit for time served on community corrections. The record does not include an amended judgment reflecting the petitioner's sentence after it was revoked.

On June 9, 2015, the petitioner filed a petition for writ of habeas corpus, arguing that he should have been credited for the time he spent incarcerated and on community corrections prior to absconding. Specifically, the petitioner claimed that he began serving his sentence in case number 58018 on July 22, 2010, because, rather than being released to serve the remainder of his two previous sentences, he remained incarcerated until December 21, 2010, pursuant to the terms of his sentence in that case. He was then placed on community corrections until a warrant was issued for his arrest on April 7, 2011. On June 24, 2015, the habeas corpus court summarily dismissed the petition after determining that the petitioner was not entitled to community corrections credit "because he never completed the effective four-year sentence [in case numbers 55416 and 57439]. The trial court would not have revoked [those] sentences had they expired. Thus, petitioner never reached the community corrections sentence to earn program credits." This timely appeal followed.

_____

[1] The record does not contain the transcripts from the petitioner's sentencing hearing in case number 58018 nor the revocation proceeding for any of the petitioner's three cases. We glean these facts from the judgments, revocation orders, and the "Violation of Community Corrections Supervision" affidavit issued after the petitioner absconded, all of which were included in the record on appeal.

## ANALYSIS

On appeal, the petitioner contends that the habeas corpus court erred in summarily dismissing his petition because the sentencing court failed to award him credit for the time he spent incarcerated and on community corrections between July 22, 2010, and April 7, 2011, a total of 259 days.[2] The State contends that the habeas corpus court's summary dismissal was proper.

We begin our analysis of this issue by recognizing the distinction between the revocation of a community corrections sentence and a probation revocation. "A defendant sentenced to the community corrections program is actually serving his sentence while in the program in lieu of incarceration, while service of the sentence is suspended for a defendant placed on probation. See State v. James Ray Bartlett, No. M2002-01868-CCA-R3-CD, 2004 WL 1372847, at *2 (Tenn. Crim. App. June 16, 2004) (internal citations omitted). Therefore, "[a] defendant is not entitled to any credits toward the sentence while on probation prior to a revocation." Michael W. Carpenter v. State, No. M2002-02187-CCA-R3-PC, 2003 WL 21024584, at *1 (Tenn. Crim. App. May 7, 2003). By contrast, "[a] defendant whose community corrections sentence is revoked is entitled to credit toward the sentence for time spent in community corrections prior to revocation." Carpenter v. State, 136 S.W.3d 608, 612 (Tenn. 2004); see also T.C.A. § 40-36-106(e)(3)(B) (an offender serving a community corrections sentence is entitled to credit "for actual time served in the community-based alternative program"); T.C.A.§ 40-36-106(e)(4) (stating that upon revocation, "the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration). The award of credit for time served on community corrections is mandatory, and the trial court has no authority to deny credit. Carpenter, 136 S.W.3d at 612. As this court has stated, "[g]iven the mandate of [c]ode section 40-36-106, the failure to award credit for time actually spent on community corrections contravenes that statute and results in an illegal sentence, which is . . . 'an historically cognizable claim for habeas corpus relief.'" Jackson v. Parker, 366 S.W.3d 186, 190-91 (Tenn. Crim. App. 2011) (citing Tucker v. Morrow, 335 S.W.3d 116, 123 (Tenn. Crim. App. 2009), overruled on other grounds by State v. Brown, 479 S.W.3d 200, 212-13 (Tenn. 2015)) (noting that failure to award pretrial jail credit does not render the sentence illegal in order to establish a colorable claim for relief under Rule 36.1). Accordingly, a trial court's failure to award community corrections credit is a cognizable claim in a habeas corpus proceeding. Id.

---

[2] The petitioner initially raised three challenges on appeal. However, due to the amount of time remaining on his sentence, he asks that we only consider his argument regarding his community corrections credits. Accordingly, we address only whether the petitioner is entitled to relief based on that claim.

"The determination of whether habeas corpus relief should be granted is a question of law." Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Accordingly, our review is de novo without a presumption of correctness. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)). A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; see T.C.A. §§ 29-21-101 to -130. "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 337 (1868)). A habeas corpus petition challenges void and not merely voidable judgments. Summers, 212 S.W.3d at 255 (citing Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999) (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64). However, a voidable judgment "is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers, 212 S.W.3d at 256 (citing Dykes, 978 S.W.2d at 529). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

The record in this case shows that the day after the petitioner was awarded determinate release in his prior cases, he was sentenced by the trial court in the instant case and ordered to remain in custody until December 21, 2010. The same judgment ordered the petitioner's instant case to be served consecutively to his prior cases. The consecutive nature of the petitioner's prior cases complicates allocation of jail credit because the petitioner was, in fact, placed on community corrections in 2010 before his probationary sentences were set to expire in 2013. As such, the petitioner correctly asserts that he was serving his probation sentences and community correction sentence simultaneously. This is supported by the fact that the trial court issued two separate orders revoking the petitioner's probation and his community corrections sentence based on the same violations. Despite the inconsistency in the judgment, the record shows that from December 21, 2010, the date the petitioner was placed on community corrections, through April 7, 2011, the date the warrant for violating community corrections was issued, a total of 107 days, the petitioner was entitled to receive credit for his community corrections sentence. See State v. McNack, 356 S.W.3d 906, 911 (Tenn. 2011) (holding that defendants are entitled to credit for time served on community corrections up to the

-4-

date the revocation warrant is issued); see also State v. Dennis Karr, No. E2014-01245-CCA-R3-CD, 2015 WL 159363, at *3 n.3 (Tenn. Crim. App. Apr. 7, 2015) (citing McNack for the same proposition). This is so because the petitioner was serving his sentence on community corrections in lieu of confinement. We are further compelled to note that the revocation order for the instant case failed to provide the petitioner with jail credit for the period between July 22, 2010, the date the petitioner was sentenced and confined, through December 21, 2010, the date the petitioner was ordered released and placed on community corrections, a total of 152 days. Based on the foregoing authority and analysis, the habeas corpus court erred by summarily dismissing the petition because the petitioner stated a cognizable claim for relief. The following chart reflects the relevant case numbers and dates supporting the above analysis.

| Case Number | Sentence | Sentence Imposed | Began Serving | Release |
|---|---|---|---|---|
| 55416 | 2 yrs (35%) | 12/18/2009 | 12/18/2009 | 7/21/2010[3] |
| 57439 | 2 yrs (35%)[4] | 12/18/2009 | --- | --- |
| 58018 | 3 yrs (35%), split-confinement, 6 mos. in TDOC | 7/22/2010 | 7/22/2010[5] | 4/7/2011[6] |

Based on the above analysis, the petitioner is awarded a total of 259 days of jail credit on his three-year sentence of community corrections in case number 58018.

## CONCLUSION

Finally, we note that the petitioner filed an additional motion with this court while the case was pending, asking that we only review his claim regarding community corrections credit and asks that we set aside his other claims, "due to the short amount of time remaining on his sentence." The other two claims initially raised are therefore waived. Based on the foregoing authority and analysis, we reverse the judgment of the

---

[3] Granted determinate release.

[4] Consecutive to case number 55416.

[5] Per special conditions, defendant "ordered to stay in jail until 12/21/2010."

[6] Absconded from community corrections.

habeas corpus court and remand this case to the Circuit Court for Bledsoe County for immediate entry of an amended judgment reflecting the proper jail credit.

_____
CAMILLE R. McMULLEN, JUDGE