FILED

03/02/2017

Clerk of the
Appellate Courts



IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 20, 2016

**KENNETH L. LANGLEY v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Cumberland County**
**No. 12-0018A          David Patterson, Judge**

_____

**No. E2016-01726-CCA-R3-HC**

_____

The Petitioner, Kenneth Leroy Langley, appeals the summary dismissal of his petition for writ of habeas corpus. The habeas corpus court found that it was without jurisdiction to hear the petition because the Petitioner filed the writ in the incorrect county. Although we hold that the habeas corpus court had jurisdiction, we nevertheless affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Kenneth L. Langley, Mountain City, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; and Bryant C. Dunaway, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On August 15, 2012, the Petitioner pled guilty to burglary and theft of property valued at over $1,000. The trial court sentenced the Petitioner to four years at thirty percent for the burglary conviction and four years at thirty percent for the theft conviction. The trial court ran the sentences concurrently and ordered the Petitioner to serve the sentences on probation, with the first year to be supervised by the community corrections program. In May of 2013, an affidavit of violation of community corrections was sworn against the Petitioner for multiple violations. He pled guilty to the violation of community corrections and was given a one-year extension of his community corrections

supervision on probation and sixty days in jail. On December 5, 2013, the Petitioner again violated the terms of his community corrections supervision. Subsequently, he pled guilty to the December 2013 violation. On April 3, 2014, the trial court then revoked the Petitioner's probation and ordered the Petitioner to "serve [the] balance" of his sentence in prison "with credit for time served" in the county jail.

On June 27, 2016, the Petitioner, while incarcerated in Johnson County, Tennessee, filed a petition for writ of habeas corpus in the Criminal Court for Cumberland County. He argued in his petition that the trial court failed to properly award him credit for the time he served on community corrections. The habeas corpus court dismissed the petition, finding that the court did not have jurisdiction to hear the petition for writ of habeas corpus because the petition should have been filed in Johnson County. *See* T.C.A. § 29-21-105 ("The [petition for writ of habeas corpus] should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge."). After the habeas corpus court's dismissal of the petition, the habeas corpus court did, in fact, issue an amended judgment to award the Petitioner eleven days of pretrial jail time credit for time served before his guilty plea in 2012, which the Petitioner requested in a separate claim in the petition. The Petitioner filed a timely notice of appeal.

## ANALYSIS

On appeal, the Petitioner raises two issues. First, he contends that the trial court erred by dismissing the petition for failure to comply with Tennessee Code Annotated section 29-21-105, stating that he properly filed his petition in Cumberland County because the Criminal Court for Cumberland County had the necessary records to correct his illegal sentence. He also contends that upon the trial court's decision to revoke his community corrections sentence and order him to serve his sentence in confinement, the trial court did not properly award him credit for the time he served on community corrections. The State concedes that the Petitioner is "probably correct" regarding his argument about proper venue. The State, however, argues that the trial court properly sentenced the Petitioner and did, in fact, award credit for time served on community corrections.

"The determination of whether habeas corpus relief should be granted is a question of law." *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). This court reviews the dismissal of a habeas corpus petition de novo with no presumption of correctness given to the conclusions of the habeas corpus court. *Id.* (citing *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn. 2006).

Article I, section 15 of the Tennessee Constitution guarantees a prisoner the right to seek habeas corpus relief. However, the grounds for the writ are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn.1999). Habeas corpus relief is available "only when 'it appears upon the face of the judgment or the record upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting *State v. Galloway*, 45 Tenn. (5 Cold.) 326, 336-37 (Tenn. 1868)). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992) (citing *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968)). A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." *Taylor*, 995 S.W.2d at 83 (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)). A voidable judgment "is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Id.*

The burden is on the petitioner "to show by a preponderance of the evidence that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). A trial court may dismiss a habeas corpus petition without a hearing if the petition fails to establish that the challenged judgment is void. T.C.A. § 29-21-109; *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

The procedural requirements governing the writ of habeas corpus "'are mandatory and must be followed scrupulously.'" *Summers*, 212 S.W.3d at 259 (quoting *Archer*, 851 S.W.2d at 165). A petition may be summarily dismissed if the Petitioner fails to comply with all of the statutory procedural requirements. *Id.* at 260. Tennessee Code Annotated section 29-21-105 states that an application for the writ of habeas corpus "should be made to the court or judge most convenient in point or distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." Our supreme court has interpreted this provision to mean that the petition should be filed in "the county where the petitioner is being held, unless a sufficient reason is given for not doing so." *Carter v. Bell*, 279 S.W.3d 560, 562-63 (Tenn. 2009).

When the Petitioner filed the petition he was incarcerated in Johnson County, and he filed his petition in Cumberland County, where he was convicted. In his petition, he asserted that the Criminal Court of Cumberland County was the proper venue because it was "the convicting court possessing the relevant records and retaining the authority to correct an illegal sentence at any time." This court has held that when a habeas corpus petition raises a claim that the Petitioner's sentence is illegal, "the fact that the convicting court possesses relevant records and retains the authority to correct an illegal sentence at

- 3 -

any time is a sufficient reason under Tennessee Code Annotated section 29-21-105 for the petitioner to file in the convicting court rather than the court closest in point of distance." *Davis v. State*, 261 S.W.3d 16, 22 (Tenn. Crim. App. 2008). Accordingly, we hold that the Petitioner properly filed his petition in the Criminal Court for Cumberland County.

Upon revocation of a community corrections sentence, the trial court has the authority to modify the sentence, but it may not deny credit for time actually served in the community corrections program, no matter how lackluster or unsuccessful the defendant's performance. T.C.A. § 40-36-106(e)(4); *Carpenter v. State*, 136 S.W.3d 608, 612 (Tenn. 2004). This court has previously held that a "trial court's failure to award community corrections credit is a cognizable ground for habeas corpus relief." *Jackson v. Parker*, 366 S.W.3d 186, 190-91 (Tenn. Crim. App. 2011). Our supreme court's decision in *State v. Brown*, 479 S.W.3d 200 (Tenn. 2015), casts doubt on the holding in *Jackson*. We do not, however, reach this issue to resolve the instant case.

Although the Petitioner and the State seem to believe the Petitioner was serving his sentence on community corrections before revocation, we note that the record clearly indicates that the Petitioner was ordered to serve his sentence *on probation* under the supervision of community corrections. A probationer "is not entitled to credit for time served on probation supervised by community corrections." *State v. Kendra Mahan*, No. M2014-02534-CCA-R3-CD, 2015 WL 7294560, at *4 (Tenn. Crim. App. Nov. 19, 2015) (citing *State v. Christopher Schurman*, No. M2011-01469-CCA-R3-CD, 2012 WL 1657057, at *2 (Tenn. Crim. App. May 10, 2012)).

Here, the Petitioner has failed to establish that he is entitled to relief. The Petitioner argues that he has not received credit for the time he served while on community corrections. The trial court ordered the Petitioner to "serve [the] balance of [his] sentence in TDOC" and awarded the Petitioner pretrial jail time credit for time served. We hold that the Petitioner is not entitled to community corrections credit because he was, in fact, serving his time on probation. "'In the event of revocation, a defendant on probation receives no credit for time served, but a participant in the community corrections program does.'" *Christopher Schurman*, 2012 WL 1657057, at *2 (quoting *State v. George C. Peery, III*, No. E2002-01682-CCA-R3-CD, 2003 WL 21383220, at *6 (Tenn. Crim. App. June 13, 2003)). As such, the trial court properly ordered the Petitioner to serve the balance of his sentence in prison with credit for pretrial jail time. Accordingly, we conclude that the habeas corpus court properly dismissed the petition, and the Petitioner is not entitled to relief.

- 4 -

## CONCLUSION

Based upon the foregoing, we affirm the judgment of the habeas corpus court.


_____
JOHN EVERETT WILLIAMS, JUDGE