FILED

09/11/2019

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs September 4, 2019

**RICHARD KELLY SMITH v. GRADY PERRY, WARDEN**

**Appeal from the Circuit Court for Hardeman County**
**No. 18-CV-45        Joe H. Walker, III, Judge**

_____

**No. W2019-00159-CCA-R3-HC**

_____

Richard Kelly Smith, Petitioner, filed a pro se Petition for Writ of Habeas Corpus ("the Petition"), claiming that he is "being illegally restrained of his liberty by an illegal, void, and/or expired criminal conviction/sentence." The habeas corpus court found that his sentence had not expired and that the Petition "demonstrate[d] no right to relief" and summarily dismissed the Petition. Discerning no error, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and TIMOTHY L. EASTER, JJ., joined.

Richard Kelly Smith, Whiteville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Mark E. Davidson, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Procedural History**

On December 10, 2018, Petitioner filed the Petition. The following procedural history is derived from documents attached to the Petition.

On September 10, 2002, the Davidson County Criminal Court entered a judgment of conviction in Case No. 2000-A-444. Petitioner was convicted of Class D felony theft, for which Petitioner received a sentence of four years with thirty percent release eligibility. The sentence was probated effective October 15, 2002. No pretrial jail credit was provided. The judgment shows that Petitioner was "[s]entenced to" the "Workhouse"; in a blank provided for the sentence length, "CCA" is written.[1]

On May 28, 2008, the Davidson County Criminal Court entered a judgment of conviction in Case No. 2008-I-474, convicting Petitioner of Class D felony theft and sentencing him to four years with thirty-five percent release eligibility.[2] The judgment reflects an offense date of April 4, 2008, that the sentence was to be served in drug court, and that the sentence was consecutive to the "probation violation in Case No. 2000-A-444." The judgment also notes that Petitioner was "sentenced to" "CCA," and the word "Workhouse" was lined through.

On December 3, 2008, an Amended Judgment was entered in Case No. 2008-I-474 showing that the "original judgment" was "amended to reflect that [Petitioner]'s probation/[c]ommunity [c]orrections violation [wa]s sustained" and providing that Petitioner "may petition to be reinstated to community corrections upon completion of lifelines." The judgment provided jail credit from April 4, 2008, to April 17, 2008, and from October 20, 2008, to December 3, 2008.

On September 16, 2009, an Amended Judgment was entered in Case No. 2008-I-474 showing that the "original judgment" was "amended to reflect that [Petitioner]'s "[p]robation [v]iolation/[c]ommunity [c]orrections violation [wa]s sustained." Petitioner was reinstated to community corrections based on time served. No jail or community corrections credits were provided. The judgment noted that the four-year sentence in Case No. 2008-I-474 was consecutive to the four-year sentence in Case No. 2000-A-444.

Petitioner also attached to the Petition two "Amended" uniform judgment documents.

---

[1] CCA is an initialism for Corrections Corporation of America, which privately managed a local penal facility for Davidson County. *See State v. Malcom Collins Lewis*, No. M2007-00610-CCA-R3-CD, 2008 WL 1891438, at *1 (Tenn. Crim. App. Apr. 29, 2008).

[2] Petitioner pled guilty pursuant to criminal information on May 27, 2008. May 28, 2008, is handwritten above the blank for "Date of Entry of Judgment" and is lined through. What appears to be a date is written above the lined through date, but only the number "6" is legible. This would appear to be for June. The judgment is not stamped filed by the court clerk.

The "Amended" uniform judgment document in Case No. 2000-A-444 lists the date of February 3, 2016, as the "Date of Entry of Judgment" and the "Sentence Imposed Date." The document reflects that Petitioner is sentenced to the workhouse. The document, however, is neither signed by the judge nor stamped filed by the court clerk.

The "Amended" uniform judgment document in Case No. 2008-I-474 reflects the date of February 3, 2016, as the "Date of Entry of Judgment" and the "Sentence Imposed Date." This document shows that Petitioner is sentenced to the county jail and indicates that Case No. 2008-I-474 is to run consecutive to Case No. 2000-A-444. Typed in the "Special Conditions" box is the following: "CCV sustained, sentence placed into effect, no jail credit – case consec. w/ 2000-A-444." Once again, this document is neither signed by the judge nor stamped filed by the court clerk.

In the narrative portion of the Petition, Petitioner admitted that, shortly after being reinstated to community corrections on September 16, 2009, Petitioner absconded. He remained at-large for over six years until his arrest on December 1, 2015. On February 3, 2016, his effective eight-year sentence was imposed, and Petitioner was incarcerated in the Tennessee Department of Correction ("TDOC").

**Habeas Corpus Court's Orders**

In its December 31, 2018 order, the habeas corpus court noted that Petitioner had attached the amended judgments of conviction for Case Nos. 2000-A-444 and 2008-I-474 and the original judgment of conviction for Case No. 2000-A-444. The court summarily dismissed the Petition, finding that based "upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that Petitioner's sentence had not expired. *Hickman v. State*, 153 S.W.3d 16 (Tenn. 2004). Concerning jail credits, the order noted that the proper method to address post-judgment jail credit was through the Tennessee Uniform Administrative Procedures Act, Tennessee Code Annotated section 4-5-101 *et seq*.

After the habeas corpus court dismissed the Petition, Petitioner filed two additional pleadings, one called a "Petition for Bill of Costs Pursuant to T[ennessee] C[ode] A[nnotated section] 29-21-128," and the other called a "Memorandum of Complaint" ("the Memorandum"). By order entered on January 15, 2019, the court summarily dismissed both pleadings. The court determined that the Memorandum was an amendment to the Petition. In the Memorandum, Petitioner claimed that he was paroled in Case No. 2008-I-474 on June 6, 2017, but a parole violation warrant was taken out on December 12, 2017, and that, following a hearing on June 18, 2018, his parole was revoked. The court found that habeas corpus relief was not appropriate for matters "that

occurred while [Petitioner] was on parole, including interactions with the parole officer and parole board."

Petitioner filed a timely notice of appeal on January 22, 2019.

ANALYSIS

**Issues Raised on Appeal**

Petitioner raises seven issues for review. The first three relate to Petitioner's claim that the habeas corpus court erred in summarily dismissing his petition because he is being illegally "restrained of his liberty by virtue of an 'illegal, void, and/or expired criminal conviction/sentence.'" The next two issues relate to Petitioner's claim that the judgments are void because he is being illegally incarcerated in TDOC rather than the county jail or workhouse. The final two issues relate to Petitioner's claim that the parole board improperly revoked his parole in Case No. 2008-I-474.

The State argues that the trial court acted properly in determining that Petitioner's sentence has not expired and in summarily dismissing the Petition; that because Petitioner's effective sentence was eight years, he is properly housed in TDOC; and that the parole board's revocation of Petitioner's parole is not a cognizable habeas corpus claim. We agree with the State.

**Standard of Review**

Whether habeas corpus relief should be granted is a question of law, so our review is de novo with no presumption of correctness afforded the habeas corpus court's findings and conclusions. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007).

**Habeas Corpus**

"[I]n Tennessee grounds upon which habeas corpus relief will be granted are very narrow." *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). Our supreme court has held that:

> Habeas corpus relief is available in Tennessee only when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired.

- 4 -

*Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting *State v. Galloway*, 45 Tenn. 326, 336-37 (Tenn. 1868)). "[B]ecause the scope of the writ of habeas corpus in Tennessee does not permit inquiry into facts outside of the original trial record, the appellee is not entitled to a hearing to introduce extrinsic evidence collaterally attacking the jurisdiction of the convicting court." *State v. Ritchie*, 20 S.W.3d 624, 626 (Tenn. 2000). There is no requirement that habeas corpus courts afford the habeas corpus petitioner an evidentiary hearing when the facts alleged in the petition, even if true, would not serve as a basis for relief. *See Russell v. Willis*, 437 S.W.2d 529, 531 (Tenn. 1969); *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280, 282 (Tenn. 1964).

**Void Judgments**

A petitioner bears the burden to prove by a preponderance of the evidence that a judgment is void. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000); *State ex rel. Kuntz v. Bomar*, 381 S.W.2d 290, 291-92 (Tenn. 1964); *Yates v. Parker*, 371 S.W.3d 152, 155 (Tenn. Crim. App. 2012). When a petitioner claims that the judgment is void, the petitioner must provide an adequate record for the habeas corpus court to conduct a summary review. This is typically done by attaching the judgments and pertinent documents from the record of the underlying proceeding to the petition for writ of habeas corpus. *Summers*, 212 S.W.3d at 254. Petitioner also bears the burden of preparing a record that "conveys a fair, accurate, and complete account of what transpired with respect to those issues that are the bases of the appeal." *State v. Bobadilla*, 181 S.W.3d 641, 643 (Tenn. 2005) (quoting Tenn. R. App. P. 24(b)) (internal quotation marks omitted).

Petitioner claims that the judgment in Case No. 2000-A-444 and/or the judgment in Case No. 2008-I-474 is void because his four-year sentences in both cases were ordered to be served in the county jail, not in TDOC where he is now incarcerated. Petitioner argues that his sentences were required to be served in the local jail or workhouse pursuant Tennessee Code Annotated section 40-35-104(b)(2), which provides:

> A defendant who is convicted of a felony after November 1, 1989, and who is sentenced to at least one (1) year *but not more than six (6) years*, shall not be sentenced to serve the sentence in the department of correction if the defendant is being sentenced from a county with a population of not less than four hundred seventy-seven thousand eight hundred eleven (477,811), according to the 1980 federal census or any subsequent federal census, and the legislative body for the county has contracted with the department or has passed a resolution that expresses an intent to contract for the purpose of housing convicted felons with such sentences. If the sentencing court

concludes that incarceration is the appropriate sentencing alternative, the defendant must be sentenced to the local jail or workhouse and not to the department.

Tenn. Code Ann. § 40-35-104(b)(2) (emphasis added).

The State argues that, because the two four-year sentences were ordered to be served consecutively, the trial court can order Petitioner's eight-year effective sentence to be served in TDOC. *See Kevin D. McMillan v. State*, No. M2013-01193-CCA-R3-HC, 2013 WL 5628681, at \*1 (Tenn. Crim. App. Oct. 14, 2013), *no perm. app. filed*. *Kevin D. McMillan* involved a petitioner's claim "that the habeas corpus court erred when it concluded that the trial court's judgment was not illegal or that the trial court did not lack jurisdiction when it ordered the [p]etitioner to serve his sentence with the TDOC." *Id.* at \*1. Mr. McMillan was sentenced to three years to be served consecutively to a prior eight-year sentence. *Id.* The trial court ordered the three-year sentence to be served in TDOC. *Id.* Mr. McMillan argued that Tennessee Code Annotated section 40-35-104(b) required his sentence to be served in "the CCA Metro Detention Facility." *Id.* This court determined that

Tennessee Code Annotated, section 40-35-104(b) provides for available locations for incarceration. It states that a sentencing court can sentence felony offenders to incarceration only in the TDOC, unless the county otherwise contracts with the TDOC or a resolution is passed for defendants with eligible sentences. [Mr. McMillan]'s allegation that his place of confinement is in violation of the statute, if true, can[]not be shown on the face of the judgment and, therefore, is not a cognizable claim. Furthermore, the statute is inapplicable in that the [p]etitioner's effective sentence is eleven years, consisting of the eight-year sentence from his prior convictions and a consecutive three-year sentence from the Davidson County conviction.

*Id.* at \*2. Here, Petitioner's effective sentence was eight years and, therefore, confinement in TDOC did not violate Tennessee Code Annotated section 40-35-104(b). Petitioner has failed to show that the trial court was without jurisdiction or authority to sentence him to TDOC or that either judgment is void.

**Expired Sentence**

A petitioner bears the burden to prove by a preponderance of the evidence that a sentence has expired. *Bomar*, 381 S.W.2d 290 at 291-92; *Wyatt*, 24 S.W.3d at 322; *Yates*, 371 S.W.3d at 155.

Based on the face of the amended judgments and the record of the proceedings, we determine that the four-year sentence in Case No. 2000-A-444 had not expired on February 3, 2016, and the four-year consecutive sentence in Case No. 2008-I-474 had not commenced to run at that time. Petitioner has failed to prove that the effective eight-year sentence has expired.

Petitioner also claims that his sentence in Case No. 2008-I-474 had expired because of his sentencing credits. When Petitioner will be released from state custody is within the purview of the TDOC. *Daniels v. Traughber*, 984 S.W.2d 918, 924 (Tenn. Ct. App. 1998). Calculation of Petitioner's sentence, including items such as "time credits, being internal matters, are [generally] inappropriate considerations in a habeas corpus proceeding." *State v. David N. Kuntz*, No. 01C01-9101-CR-00019, 1991 WL 101857, at *3 (Tenn. Crim. App. June 14, 1991), *no perm. app. filed*. "[C]laims for post-judgment jail credit are not cognizable habeas corpus claims." *Yates*, 371 S.W.3d at 156. It is not clear whether claims for community correction credits can be raised by a habeas corpus petition. *See Jackson v. Parker*, 366 S.W.3d 186, 191 (Tenn. Crim. App. 2011) ("To sustain a challenge to the trial court's failure to award community corrections credit via a petition for writ of habeas corpus, the petitioner must establish, by documentation exhibited to his petition, that he was entitled to credit and that the trial court failed to award it"); *but see Kenneth L. Langley v. State*, No. E2016-01726-CCA-R3-HC, 2017 WL 823887, at *3 (Tenn. Crim. App. Mar. 2, 2017), *no perm. app. filed* (stating "[o]ur supreme court's decision in *State v. Brown*, 479 S.W.3d 200 (Tenn. 2015), casts doubt on the holding in *Jackson*"). Just as was the situation in *Kenneth L. Langley*, "[w]e do not, however, [have to] reach the issue [of community correction credit] to resolve the instant case." *Kenneth L. Langley*, 2017 WL 823887, at *3. Petitioner has failed to present an adequate record from which we can determine how much community correction credit, if any, Petitioner is entitled. In Case No. 2008-I-474, the original judgment of conviction shows that on May 28, 2008, Petitioner was sentenced to "CCA" with an "alternative sentence" box for "drug court" checked. The box for "Community Based Alternative" was not checked. The Amended Judgment entered December 3, 2008, shows that "probation/community corrections" was revoked and that Petitioner "may petition to be reinstated to community corrections upon completion of lifelines." The judgment provides jail credit from April 4, 2008, through April 17, 2008, and from October 20, 2008, through December 3, 2008. The record does not show when Petitioner completed lifelines, when Petitioner petitioned to be reinstated, or when he was reinstated to community corrections. The Amended Judgment entered September 16, 2009, shows that Petitioner was reinstated to community corrections based on time served. No jail credits were provided. The record does not show how long Petitioner was incarcerated. Shortly after being reinstated pursuant to the September 16, 2009 judgment, Petitioner absconded and remained at-large for over six years. The record does not show the date

Petitioner was apprehended, only that his sentences were "imposed" on February 3, 2016. Based on the record, Petitioner has failed to prove that he has sufficient community correction credits or jail credits to show that his sentence has expired.

## Revocation of Parole

The final two issues raised by Petitioner relate to the parole board's revocation of parole in Case No. 2008-I-474. Petitioner claims that the parole board improperly revoked his parole. This is not a cognizable claim for habeas corpus relief. *Phillip McCormick v. State*, No. E2010-00987-CCA-MR3-HC, 2011 WL 1348347, at *3 (Tenn. Crim. App. Apr. 5, 2011) ("The constitutional claim of a right to due process is not cognizable in a habeas corpus proceeding."), *no perm. app. filed.* What occurred in the parole hearing is not part of the record of the proceedings upon which the judgments were rendered. As previously stated, when Petitioner will be released from state custody is within the purview of TDOC. *Traughber*, 984 S.W.2d at 924. "[T]he proper procedure to review actions of the Board of Paroles is not in a *habeas corpus* proceeding, but by petition for a common law writ of *certiorari*." *Luther Robert Brown, III v. State*, No. E1999-02290-CCA-R3-CD, 2001 WL 177056, at *2 (Tenn. Crim. App. Feb. 23, 2001), *no perm. app. filed*.

## Conclusion

The judgment of the habeas corpus court summarily dismissing the Petition is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE