IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 12, 2011

**HERBERT N. JACKSON v. TONY PARKER, WARDEN**

**Appeal from the Circuit Court for Lake County**
**No. 10-CR-9470     R. Lee Moore, Judge**

**No. W2010-01630-CCA-R3-HC  - Filed April 27, 2011**

The petitioner, Herbert N. Jackson, appeals the denial of his petition for writ of habeas corpus, which challenged his 2006 Madison County Circuit Court conviction of theft of property valued at $1,000 or more but less than $10,000.  In this appeal, he claims that his sentence is illegal because the trial court failed to award him credit for the time he spent on community corrections and that his sentence has expired.  Because the habeas corpus court erroneously concluded that the petitioner failed to state a cognizable claim for habeas corpus relief and because the petitioner has established entitlement to habeas corpus relief, the judgment of the habeas corpus court is reversed, and the case is remanded to the habeas corpus court for the entry of an order directing the trial court to amend the petitioner's judgment to reflect credit for time actually served on community corrections.  Further, because the petitioner has established that, accounting for a correct application of community corrections credit, his sentence has been served and has expired, the petitioner is entitled to immediate release.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Reversed and Case Remanded**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and ROBERT W. WEDEMEYER, J., joined.

Herbert N. Jackson, Memphis, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Cameron L. Hyder, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

On September 11, 2006, the petitioner entered a plea of guilty to theft of

property valued at $1,000 or more but less than $10,000, and the Madison County Circuit Court imposed a sentence of four years to be served as 11 months and 29 days' incarceration followed by community corrections.[1] The trial court awarded the petitioner 251 days of pretrial jail credit reflecting the petitioner's incarceration from January 3, 2006, to September 11, 2006. On December 4, 2009, a community corrections violation warrant issued alleging that the petitioner had failed to comply with the terms of his release by testing positive for cocaine on November 30, 2009, and by failing to pay court costs. The petitioner was arrested that same day. A second violation warrant issued on January 11, 2010, and added an allegation that the petitioner tested positive for cocaine on December 18, 2009.[2] The petitioner was arrested pursuant to the violation warrant on January 11, 2010.

On January 25, 2010, the trial court, utilizing a form "order" that permitted the court to simply check certain boxes, revoked the defendant's community corrections sentence and checked those boxes requiring him to "serve [the] original sentence imposed" subject to "credit for time served on above referenced case[]."[3] The trial court apparently did not enter a new conviction judgment that included a calculation of jail and community corrections credits following the revocation. On June 8, 2010, the petitioner filed a petition for writ of habeas corpus alleging that the sentence imposed by the trial court following the revocation of his community corrections was illegal because the trial court failed to award him statutorily-mandated credit for the time he actually served on community corrections. In addition, the petitioner claimed that, taking into account all applicable credits, his four-year sentence had expired. The habeas corpus court summarily dismissed the petition, concluding that the petitioner had failed to state a cognizable claim for habeas corpus relief and had failed to establish that his sentence had expired. The court also concluded that the petitioner had failed to attach to his petition sufficient documentation to support his claims. The petitioner then filed a motion for relief from judgment pursuant to Rules 7.02 and 60.02 of the Tennessee Rules of Civil Procedure essentially asking the court to reconsider its earlier conclusions. The habeas corpus court denied the motion, concluding that the petitioner's claims, even if true, would render the judgment "voidable" rather than void.

---

[1]Although the judgment indicates a period of incarceration is to precede the petitioner's community corrections placement, the State does not contest the petitioner's assertion that he began his community corrections sentence on September 12, 2006.

[2]The petitioner asserted in his petition for writ of habeas corpus that he was arrested on December 4, 2009, and released on that same date. His testing positive for cocaine on December 18, 2009, appears to support his assertion that he was out on some form of release on that date.

[3]Although the document is titled "Probation Revocation Order" and the court noted in the "special conditions" portion of the document that the petitioner had "violated his probation," the judgment form establishes that the petitioner was on community corrections rather than probation.

Initially, we note that it appears that the petitioner's notice of appeal was not timely filed. Because we have determined that the petitioner has presented meritorious claims for relief, we conclude that the interest of justice requires excusing the untimely filing of the notice of appeal in this case. *See* Tenn. R. App. P. 4(a). We now turn to the petitioner's claims on appeal.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)).

The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101 (2006). Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Because in the petitioner's case the trial court apparently had jurisdiction over the *actus reus*, the subject matter, and the person of the petitioner, the petitioner's jurisdictional issues are limited to the claims that the court was without authority to enter the judgments. *See Anglin*, 575 S.W.2d at 287 ("'Jurisdiction' in the sense here used, is not limited to jurisdiction of the person or of the subject matter but also includes lawful authority of the court to render the particular order or judgment whereby the petitioner has been imprisoned."); *see also Archer*, 851 S.W.2d at 164; *Passarella*, 891 S.W.2d at 627.

In addition to the various procedural requirements for the prosecution of a petition for writ of habeas corpus contained in the Code, *see generally* T.C.A. §§ 29-21-105 to -112, our supreme court has held that "[t]he petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition." *Summers v. State*, 212

S.W.3d 251, 261 (Tenn. 2007). "In the case of an illegal sentence claim based on facts not apparent from the face of the judgment, an adequate record for summary review must include pertinent documents to support those factual assertions." *Id.* When a petitioner fails to attach to his petition sufficient documentation supporting his claim of sentence illegality, the habeas corpus court may summarily dismiss the petition. *Id.*

The petitioner first claims that his post-revocation sentence is void because the trial court failed to grant him credit for the time he actually served on community corrections. As indicated, the habeas corpus court concluded that the petitioner's claim was not a cognizable ground for habeas corpus relief and directed the petitioner to the Uniform Administrative Procedures Act as an avenue for relief. The State does the same on appeal.

Tennessee Code Annotated section 40-36-106(e) provides that an offender serving a community corrections sentence is entitled to credit "for actual time served in the community-based alternative program." T.C.A. § 40-36-106(e)(3)(B); *see also id.* § 40-36-106(e)(4) (stating that upon revocation, "the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration"); *Carpenter v. State*, 136 S.W.3d 608, 612 (Tenn. 2004). The award of credit for time served on community corrections is mandatory, and the trial court has no authority to deny credit "no matter how lackluster or unsuccessful the defendant's performance." *State v. Wendell S. Lewis*, No. W2001-03098-CCA-R3-CD, slip op. at 2 (Tenn. Crim. App., Jackson, Feb. 4, 2003); *see also Carpenter*, 136 S.W.3d at 612. "The granting of credit for time served is mandated by statute and is not discretionary." *State v. Deandre M. Broaden*, No. W2001-03100-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., Jackson, Dec. 20, 2002) (citing *State v. Victor Lofton*, No. 02C01-9611-CC-00427 (Tenn. Crim. App., Jackson, Oct. 2, 1997)); *see also, e.g.*, *State v. Mark Anthony McNack*, W2010-00471-CCA-R3-CD (Tenn. Crim. App., Jackson, Dec. 21, 2010); *State v. Timothy Wakefield*, No. W2003-00892-CCA-R3-CD (Tenn. Crim. App., Jackson, Nov. 25, 2003).

The State concedes that the award of credit for time served on community corrections is mandatory, but it nevertheless asserts that the trial court's failure to award the credit is not a cognizable claim for habeas corpus relief. Instead, the State argues, the defendant must bring an action pursuant to the Uniform Administrative Procedures Act. In *Tucker v. Morrow*, __ S.W.3d __, No. E2009-00803-CCA-R3-HC (Tenn. Crim. App., Knoxville, Dec. 1, 2009), however, this court clarified that "[a]lthough claims 'relative to the calculation of sentencing credits and parole dates' must be reviewed pursuant to the Uniform Administrative Procedures Act," that general rule was not applicable to the award of pretrial and post-judgment jail credits. *Id.*, slip op. at 5. We observed that the award of jail credits lay solely within the purview of the trial court and that "any resort to administrative avenues

of relief to address the trial court's failure to award pretrial jail credits would be futile." *Id.* Community corrections credits, like pretrial and post-judgment credits, can only be awarded by the trial court. Similarly, the Department of Correction "'is powerless'" to alter or amend the award of community corrections credit, and proceeding via the Uniform Administrative Procedures Act would not avail the petitioner of relief from the trial court's failure to award him credit for the time he spent on community corrections, and it is not the proper method for seeking relief.

Having concluded that the Uniform Administrative Procedures Act would not provide the petitioner the relief he desires, we must next determine whether the trial court's failure to award community corrections credit is a cognizable ground for habeas corpus relief. Again, the analogy to pretrial and post-judgment jail credits is helpful. As is the case with pretrial and post-judgment jail credits, the Code creates an entitlement to community corrections credit by making its award mandatory upon a revocation of a community corrections sentence. Indeed, our supreme court has observed that "a defendant whose community corrections sentence is revoked is entitled to credit toward the sentence for time spent in community corrections prior to the revocation." *Carpenter*, 136 S.W.3d at 612. Given the mandate of Code section 40-36-106, the failure to award credit for time actually spent on community corrections contravenes that statute and results in an illegal sentence, which is, as we observed in *Tucker*, "an historically cognizable claim for habeas corpus relief." *Tucker*, __ S.W.3d at __, slip op. at 6 (citing *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008)).

To sustain a challenge to the trial court's failure to award community corrections credit via a petition for writ of habeas corpus, the petitioner must establish, by documentation exhibited to his petition, that he was entitled to credit and that the trial court failed to award it. *Cf. Tucker*, __S.W.3d at __, slip op. at 6. Here, the petitioner attached to his original petition for writ of habeas corpus the judgment filed on September 11, 2006, imposing a sentence of four years to be served as 11 months and 29 days of incarceration followed by community corrections and awarding the petitioner jail credit from January 3, 2006, to September 11, 2006, a period of 251 days. The petitioner also attached a community corrections violation warrant issued on December 4, 2009. Through this documentation, the petitioner established that at the time of the filing of the first violation warrant, he had served 1,179 days on community corrections. The filing of the December 4, 2009 violation warrant tolled the running of the petitioner's community corrections sentence. *See State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001). Thus, when his community corrections sentence was revoked on January 25, 2010, the petitioner was entitled to 251 days' pretrial jail credit and 1,179 days' community corrections credit, for a total of 1,430 days' credit. Because a four-year sentence equates to 1,460 days, only 30 days remained on the originally imposed four-year sentence at the time of the revocation.

-5-

Although the trial court clearly retained jurisdiction to revoke the community corrections sentence and order the petitioner to serve the remainder of his sentence incarcerated, the court did not have the power to deny the petitioner credit for time served on community corrections.[4] Although the form order utilized by the trial court noted that the petitioner was "[t]o receive credit for time served," the order does not specifically state that the petitioner is entitled to credit for time spent on community corrections, nor does it specify the total amount of time to be credited against the petitioner's pending incarcerative sentence. Given that the order is styled "Probation Revocation Order," that the order makes no mention of community corrections credits, and that, after revocation, the petitioner remained incarcerated far longer than the 30 days that remained on his sentence, the record establishes that the trial court failed to award the petitioner community corrections credits that he was due and that the petitioner is entitled to habeas corpus relief. In consequence, we remand the case to the habeas corpus court for the entry of an order directing the trial court to amend the petitioner's judgment form to reflect that the petitioner was entitled to 251 days' pretrial jail credit and 1,179 days' community corrections credit at the time his community corrections sentence was revoked.

Finally, we must consider the petitioner's claim that his sentence has expired. By the time the petitioner filed his petition for writ of habeas corpus on June 8, 2010, the petitioner had served 134 days' incarceration in the Department of Correction, for a total of 1,564 days served on a four-year, or 1,460-day, sentence.[5] The documents attached to the original petition for writ of habeas corpus establish that the petitioner has fully served his sentence and that, for purposes of habeas corpus relief, it has expired. Thus, in addition to habeas corpus relief in the form of an amended judgment, the petitioner is entitled to immediate release from custody.

Accordingly, the judgment of the habeas corpus court is reversed, and the case is remanded for the entry of an order directing the trial court to file an amended judgment reflecting appropriate application of earned community corrections credits. Additionally, the petitioner is entitled to immediate release.

---

[4]The trial court could have chosen to resentence the petitioner to an increased term following revocation, *see* T.C.A. § 40-36-106(e)(4), but it did not utilize this option.

[5]The petitioner remained incarcerated at the time of the filing of the notice of appeal in this case, but he has since been released on parole. Nevertheless, he remains restrained of his liberty by virtue of the challenged conviction. *See Benson v. State*, 153 S.W.3d 27, 31 (Tenn. 2004).

_____
JAMES CURWOOD WITT, JR., JUDGE