# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### July 22, 2014 Session

## HERBERT N. JACKSON v. STATE OF TENNESSEE

**Appeal from the Tennessee Claims Commission**
**No. T20120909    Nancy Miller-Herron, Commissioner, TN. Claims Commission**
**(Western Division)**

_____

### No. W2013-02423-COA-R3-CV - Filed September 11, 2014

_____

This is an appeal from the Tennessee Claims Commission's dismissal of Appellant's claim against the Madison County Circuit Court for alleged sentencing errors made in Appellant's criminal case. The Commission dismissed the claim on the ground of judicial immunity. Appellant appeals. Because the Appellant failed to timely file his notice of appeal, this Court does not have subject matter jurisdiction over this appeal. Accordingly, we dismiss.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

KENNY W. ARMSTRONG, SP., J.,  delivered the opinion of the Court, in which J. STEVEN STAFFORD, J., and W. NEAL MCBRAYER, J., joined.

Andrew Pate, Knoxville, Tennessee, for the appellant, Herbert N. Jackson.

Robert E. Cooper, Jr., Attorney General and Reporter; Joseph F. Whalen, Acting Solicitor General; Joseph Ahillen, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION[1]

_____

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion

(Continued.....)

The case began when Appellant, Herbert Jackson, filed a *pro se* claim against the Appellee State of Tennessee in the Tennessee Claims Commission.[2] In his claim, Mr. Jackson sought money damages for alleged sentencing errors made by the Madison County Circuit Court. Claimant also raised allegations regarding medical treatment that he received in prison, and further alleged that he was injured by the prison footwear.

The alleged sentencing errors were related to Mr. Jackson's felony conviction in Madison County. On September 11, 2006, Mr. Jackson entered a plea of guilty to theft of property valued at $1,000 or more but less than $10,000, and the Madison County Circuit Court imposed a sentence of four years, to be served as 11 months and 29 days' incarceration followed by community corrections. *See* **Jackson v. Parker**, 366 S.W.3d 186, 187 (Tenn. Crim. App. 2011). The trial court awarded Mr. Jackson 251 days of pretrial jail credit, which reflected his incarceration from January 3, 2006, to September 11, 2006. *Id*. at 188. On December 4, 2009, a community corrections violation warrant issued, alleging that Mr. Jackson had failed to comply with the terms of his release by testing positive for cocaine on November 30, 2009, and by failing to pay court costs. *Id*. Mr. Jackson was arrested that same day. A second violation warrant issued on January 11, 2010, and added an allegation that Mr. Jackson tested positive for cocaine on December 18, 2009. *Id*. Mr. Jackson was arrested pursuant to the violation warrant on January 11, 2010. *Id*.

Based upon the foregoing violations, on January 25, 2010, the trial court, using a form "order" that permitted the court to simply check certain boxes, revoked Mr. Jackson's community corrections sentence and checked those boxes requiring him to "serve [the] original sentence imposed" subject to "credit for time served on above referenced case[ ]." **Jackson**, 366 S.W.3d at 188. The trial court apparently did not enter a new conviction judgment that included a calculation of jail and community corrections credits following the revocation. *Id.* On June 8, 2010, Mr. Jackson filed a petition for writ of habeas corpus, alleging that the sentence imposed by the trial court following the revocation of his community corrections was illegal because the trial court failed to award him

(......continued)
would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] Mr. Jackson's claim was originally filed with the Division of Claims Administration (DCA) before it was transferred to the Claims Commission pursuant to Tenn. Code Ann. § 9-8-402(c). Mr. Jackson filed a Claim for Damages with the DCA that set forth his claims for relief. He relied on the Claim for Damages as his complaint before the Claims Commission.

statutorily-mandated credit for the time he actually served on community corrections. *Id*. In addition, Mr. Jackson claimed that, taking into account all applicable credits, his four-year sentence had expired. *Id*. The habeas corpus court summarily dismissed the petition, concluding that Mr. Jackson had failed to state a cognizable claim for habeas corpus relief, and had failed to establish that his sentence had expired. *Id.* The court also concluded that Mr. Jackson had failed to attach to his petition sufficient documentation to support his claims. *Id*. Mr. Jackson then filed a motion for relief from judgment pursuant to Rules 7.02 and 60.02 of the Tennessee Rules of Civil Procedure, essentially asking the court to reconsider its earlier decisions. *Id*. The habeas corpus court denied the motion, concluding that the Mr. Jackson's claims, even if true, would render the judgment "voidable" rather than void. *Id.*

In *Jackson*, the Tennessee Court of Criminal Appeals reversed the habeas court's decision. *Jackson*, 366 S.W.3d at 192. Specifically, the appellate court held that Mr. Jackson's sentence had expired and that he was entitled to immediate release. *Id*. The court directed the circuit court "to file an amended judgment reflecting appropriate application of earned community corrections credits." *Id*.

In the Claims Commission, Mr. Jackson has asserted that, upon remand, the circuit court imposed a probationary sentence. Specifically, he claims that, due to the sentencing errors, he "spent another 13-14 months reporting to the Madison County Probation [and] Parole, all of which according to the Appeals Court was illegal." In response to Mr. Jackson's claim, the State moved for dismissal under Tennessee Rule of Civil Procedure 12.02(6) for failure to state a claim upon which relief can be granted. In support of its motion, the State raised the circuit court's judicial immunity as a defense. *See* Tenn. Code Ann. § 9-8-307(d) ("The state may assert any and all defenses, including common law defenses, which would have been available to the officer or employee in an action against such an individual based upon the same occurrence.").[3] Specifically, the State asserted that judicial immunity precluded any liability for the sentencing errors.

Although Mr. Jackson filed his claim *pro se*, while the State's motion to dismiss was pending, he retained counsel, and then filed a response to the State's motion. The response argued that judicial immunity did not apply to the probationary sentence imposed by the

---

[3] The State's motion also asserted that Mr. Jackson had no claim based on the acts of the Tennessee Department of Correction. As stated by the Court of Criminal Appeals, "the Department of Correction is powerless to alter or amend the award of community corrections credit." *Jackson*, 366 S.W.3d at 190.

circuit court upon remand.[4] In his response, Mr. Jackson alleged that the circuit court acted "in the clear absence of jurisdiction when it ordered additional probation following Claimant's successful petition for writ of habeas corpus."

On November 7, 2012, the Claims Commission issued an order, granting in part and denying in part the State's motion to dismiss. In its order, the Commission found that the circuit court's judicial immunity precluded any liability for the alleged sentencing errors, finding that the circuit court "acted merely in excess of [its] jurisdiction and not outside of it." The Claims Commission further stated: "The Tennessee Claims Commission statute simply does not contain any provision that authorizes suits against the State for actions of judicial officials acting in their judicial capacity." Accordingly, the Commission dismissed Mr. Jackson's claims concerning the prison's medical treatment because Mr. Jackson had not complied with the requirements for healthcare-liability actions under Tennessee Code Annotated Sections 29-26-121, -122. The Commission denied the motion to dismiss with regard to Mr. Jackson's allegation that "he suffered personal injury related to defective or negligently issued prison footwear.

On December 6, 2012, Mr. Jackson filed a notice of appeal from the Commission's November 7, 2012 order. At the time of the filing of the December 6, 2012 notice of appeal, Mr. Jackson's prison footwear claim was still pending. On March 14, 2013, this Court entered a stipulation of dismissal of the December 6, 2012 appeal, stating that the parties had "agreed to proceed with such claims as survived [the Commission's November 7, 2012 Order] before proceeding with the appeal." After the initial appeal (which was commenced with the filing of the December 6, 2013 notice of appeal) was dismissed, Mr. Jackson chose to dismiss, with prejudice, the remaining claim regarding the prison footwear.[5] This was reflected in an order of voluntary dismissal, which was entered on September 23, 2013; it is undisputed that the September 23, 2013 order of voluntary dismissal is the final order appealed in this case. Mr. Jackson filed his notice of appeal from the September 23, 2013

---

[4] We note that Mr. Jackson's response did not address the criminal court's failure to award community corrections credits following the probation violation. However, Mr. Jackson conceded that this sentencing error was made within the criminal court's jurisdiction and was, therefore, covered by judicial immunity.

[5] Because the initial appeal was dismissed by stipulation of the parties, the December 6, 2012 notice of appeal cannot be considered a prematurely filed notice of appeal under Tennessee Rule of Appellate Procedure 4(d), which states that "[a] prematurely filed notice of appeal shall be treated as filed after the entry of the judgment from which the appeal is taken and on the day thereof." Unlike the first appeal, which was taken from the November 7, 2012 order granting in part and denying in part the State's motion to dismiss, the instant appeal arises from the order of voluntary dismissal, which was filed on September 23, 2013. Accordingly, the only applicable notice of appeal is that filed on October 25, 2013.

order on October 25, 2013.

Mr. Jackson raises one issue for review as stated in his brief:

> Whether the Tennessee Claims Commission erred in applying judicial absolute immunity to the Circuit Court of Madison County, when judicial immunity does not apply to actions taken in clear absence of subject matter jurisdiction, the Circuit Court overruled a decision of the Tennessee Court of Criminal Appeals, and the plain language of the Tennessee Code and the Tennessee Rules of Appellate Procedure states that the Circuit Court lacks appellate jurisdiction over cases from the Court of Criminal Appeals.

Before turning to the substantive issue, we first consider the jurisdictional question of whether Mr. Jackson's notice of appeal was timely filed. Rule 4 of the Tennessee Rules of Appellate Procedure governs the filing of the notice of appeal in this case. According to Rule 4(a):

> In an appeal as of right to the Supreme Court, Court of Appeals or Court of Criminal Appeals, the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from; ....

The time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This Court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis*, 285 S.W.3d 856, 869 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Serv. Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App.1985). The failure to file a timely notice of appeal deprives this court of jurisdiction to hear the matter. *Flautt*, 285 S.W.3d at 869.

Here, the final order was filed on September 23, 2013. Mr. Jackson's notice of appeal is file-stamped "October 25, 2013." The certificate of service for the notice of appeal indicates that it was mailed to opposing counsel on October 23, 2013. In his brief, Mr. Jackson contends that the fact that the notice was mailed to opposing counsel on October 23, 2013 makes his notice of appeal timely. We respectfully disagree. Under Tennessee Rule of Appellate Procedure 4(a), *supra*, in order to be timely, the notice of appeal must be "**filed with and received by** the clerk of the trial court within 30 days after the date of entry of the

judgment appealed from. . . ." (Emphasis added). Filing a notice of appeal with the trial court is a separate and distinct action from the timely service of the notice of appeal on an opposing party. Tenn. R. App. P. 3(e) ("An appeal as of right to the . . . Court of Appeals. . .shall be taken by timely filing a notice of appeal with the clerk of the trial court as provided in Rule 4 **and** by service of the notice of appeal as provided in Rule 5.") (Emphasis added).[6] Although these acts are not mutually exclusive, one will not suffice for the other. Under Tennessee Rule of Appellate Procedure 4(a), the timeliness of the notice of appeal is dictated by its **filing** date and not by the date service was made on the opposing party. Accordingly, the fact that Mr. Jackson's notice of appeal was filed on October 25, 2013, i.e., two days beyond the thirty-day period from the entry of the September 23, 2013 final order, renders the notice of appeal ineffective to confer jurisdiction on this Court, and thus is fatal to his appeal.

The appeal is hereby dismissed for failure to file a timely notice of appeal. Costs are assessed to the Appellant, Herbert Jackson. Because Mr. Jackson is proceeding *in forma pauperis* in this appeal, execution may issue for costs if necessary.

_____
KENNY W. ARMSTRONG, SPECIAL JUDGE

---

[6] The Advisory Commission Comments to Tennessee Rule of Appellate Procedure 3(e) state that "[t]he intent of this subdivision is to provide a uniform and simplified method of taking an appeal as of right. This subdivision combined with Rules 4 and 5 require that a notice of appeal be filed with the clerk of the trial court within the time prescribed for taking an appeal **and** that a copy of the notice of appeal be served on all parties." (Emphasis added).