IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs February 9, 2021

**STATE OF TENNESSEE v. JOHN CALVIN MURRAY**

**Appeal from the Circuit Court for Robertson County**
**No. 2012-CR-206    Jill Bartee Ayers, Judge**

_____

**No. M2020-00168-CCA-R3-CD**

_____

The Defendant, John Calvin Murray, appeals the trial court's dismissal of his "Motion for Rule 36 Clerical Mistakes" and denial of his motion to reconsider, which he argues should be liberally construed as a motion to correct an illegal sentence, asserting that he was not awarded all the credits for time served in the community corrections program to which he was entitled.  Upon reviewing the record and applicable law, we dismiss the appeal.

**Tenn. R. App. P. 3, Appeal as of Right; Appeal Dismissed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ROBERT W. WEDEMEYER, J., joined.

Chase Cunningham, Nashville, Tennessee, (on appeal), and John Calvin Murray, Pro Se (in lower court proceedings).

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Assistant Attorney General; John W. Carney, Jr., District Attorney General; and Jason White, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On October 30, 2012, the Defendant pled guilty to theft over $1000, a Class D felony.  On December 7, 2012, he was sentenced as a Range II offender to a sentence of seven years and six months in the Department of Correction, suspended to community corrections upon serving the first twelve months of the sentence.  The judgment was entered on December 20, 2012, but it incorrectly noted that the Defendant was to serve the first twelve months of his sentence in the Department of Correction.  A corrected judgment

was entered on January 14, 2013, noting that the Defendant was "[t]o serve the 12 months in the Robertson County Jail, followed by Community Corrections."

The Defendant completed the first twelve months of his sentence, and his supervision was transferred to the community corrections program on September 30, 2013. It appears from the record that eight to ten warrants for violation of community corrections were issued against the Defendant over the course of his supervision due to his use of cocaine and commission of new theft of property offenses. There were various dispositions for each violation, but the final violation resulted in the revocation of the Defendant's community corrections and placement of his sentence into effect on October 28, 2016. In the revocation order, the Defendant was given jail credit against his sentence amounting to approximately 389 days and community corrections credit amounting to approximately 286 days.

Because the Defendant included the transcripts in the record on appeal, we recount the proceedings from the violation hearings that took place on December 14, 2015, and October 28, 2016. At the outset of the December 14, 2015 hearing, the State informed the court:

> The situation is this, it's a violation of probation and he has underlying charges, a charge out of Alabama. He was served . . . with the warrant to be extradited for that charge when he was served with our violation on November 13th. He did execute a fugitive from justice warrant and he has waived extradition but because of our hold – on our violation, he has not been sent to Alabama.

The State agreed to reduce the Defendant's bond to $250, which would allow the Defendant to bond out and start the "clock . . . ticking" for the authorities in Alabama "to come get him" and dispose of the Alabama charge. The Defendant was asked whether he admitted to violating his community corrections. He did not answer the question but instead asked, "I was coming to [c]ourt for a probation violation?" The court said, "Right, and do you understand you are . . . rescheduling the hearing?" The hearing ended with the parties agreeing to reduce the Defendant's bond and reset the violation hearing for February 12, 2016.

At the October 28, 2016 hearing, the State began by reminding the court that the Defendant was sentenced as a Range II offender pursuant to the plea agreement, although he qualified as a Range III offender, and the Defendant stated no objection. Copies of the Defendant's prior judgments of conviction and the presentence report that was prepared for the resentencing hearing were introduced into evidence.

Alex Bolton testified that he supervised the Defendant in the Davidson County Community Corrections Program and recounted the Defendant's history in the program. He noted that the Defendant tested positive for cocaine a number of times in 2013 and 2014, and those tests were the subject of a violation hearing that was held on August 15, 2014. Mr. Bolton recalled that at the conclusion of the hearing, the Defendant was reinstated to community corrections and given another chance. However, the Defendant continued to test positive for cocaine on multiple drug screens from July 13, 2015, to June 22, 2016, but he always denied his drug use to Mr. Bolton and never discussed treatment. The Defendant also failed to report his arrest for a new offense in Wilson County that occurred in October 2015, which Mr. Bolton did not learn of until June or July 2016 when asked to look into it by the prosecutor. On cross-examination, Mr. Bolton said that aside from the positive drug screens, the Defendant reported regularly and on time and there were no issues with his behavior.

The trial court determined that the Defendant's original sentence of seven and a half years was appropriate and placed it into effect, and the State offered to prepare the order. The court instructed the State to make sure the Defendant's jail credits and community corrections credits were reflected in the order, noting "[t]here should be quite a number of credits." The written order that followed provided that the Defendant

> shall have jail credit against this sentence as follows: 11/5/11; 12/7/12 to 9/30/13; 1/4/14; 11/13/14; 3/27/15 to 3/29/15; 4/3/15 to 4/5/15; 7/24/15; 10/1/15; 11/13/15 to 12/15/15; 2/12/16; 6/1/16; 7/15/16; 7/29/16; 9/16/16 to 10/28/16 (approx. 389 days) and community corrections credit as follows: 10/1/13 to 12/16/13; 8/15/14 to 11/7/14; 3/13/15 to 7/17/15 (286 days).

On December 10, 2019, the Defendant filed a pro se "Motion for Rule 36 Clerical Mistakes." In his motion, the Defendant asserted that "if he was arrested on a possible violation and the [c]ourt allowed him to make a bond, but he still reported, as he always had, then he was not in violation and should be given credit continually from December 7, 2012 until October 28, 2016[.]" He averred that the Department of Correction was not giving him credit for the time spent in community corrections prior to his being "placed . . . in full violation status[,]" and he asked the trial court "to issue an order under Rule 36 correcting the record and forward[ing] this order to TDOC." The trial court entered an order dismissing the motion the following day in which it noted: "See this court's prior order dated October 28, 2016 . . . wherein defendant's credits were specifically set out."

Thereafter, on January 13, 2020, the Defendant filed a pro se motion to reconsider. In his motion, the Defendant again averred that he "reported every time he was required to from December 7, 2012[,] until his revocation on October 28, 2016[,] and should be credited with this time[,]" which he claimed amounted to 671 days. The trial court entered

- 3 -

an order denying the Defendant's motion to reconsider on January 16, 2020, noting that it had "previously ruled on this matter." The Defendant filed a notice of appeal from the order denying the motion to reconsider on January 30, 2020.

## ANALYSIS

Initially, we note that the State presents a robust and persuasive argument for waiver. The record shows that the trial court dismissed the Defendant's motion to correct a clerical error on December 11, 2019. Instead of filing a notice of appeal, the Defendant filed a motion to reconsider on January 13, 2020, which was denied three days later. The Defendant then filed a notice of appeal on January 30, 2020, from the denial of the motion to reconsider.

The Defendant's notice of appeal would be timely-filed relative to the denial of the motion to reconsider but was untimely relative to the dismissal of the motion to correct clerical error. While there is a right to an appeal from a denial of a motion to correct a clerical error under Tennessee Rule of Criminal Procedure 36.1, see Tenn. R. App. P. 3(b), the rules do not provide for an appeal as of right from the denial of a motion to reconsider. See State v. Kenneth R. Boyd, No. M2019-00301-CCA-R3-CD, 2019 WL 5623357, at *2 (Tenn. Crim. App. Oct. 31, 2019); State v. Alex Hardin Huffstutter, No. M2015-00950-CCA-R3-CD, 2016 WL 806143, at *3 (Tenn. Crim. App. Mar. 2, 2016), perm. app. denied (Tenn. June 29, 2016); State v. Levar O. Williams, No. E2014-01068-CCA-R3-CD, 2015 WL 1291137, at *2 (Tenn. Crim. App. Mar. 19, 2015), perm. app. denied (Tenn. June 15, 2015). In fact, the Tennessee Rules of Criminal Procedure do not recognize a motion to reconsider, nor does a motion to reconsider toll the thirty-day limit to file a notice of appeal. See Kenneth R. Boyd, 2019 WL 5623357, at *2; Alex Hardin Huffstutter, 2016 WL 806143, at *3; see also State v. Turco, 108 S.W.3d 244, 245 n.2 (Tenn. 2003). In sum, to be considered timely, the Defendant had to file his notice of appeal within thirty days from the trial court's order dismissing his motion to correct clerical error, which he did not do.

However, the Rules of Appellate Procedure provide that "in all criminal cases 'the notice of appeal' document is not jurisdictional, and the filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). This court has expounded that "[i]n determining whether waiver is appropriate, this court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case." State v. Rockwell, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007) (quoting State v. Markettus L. Broyld, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. Dec.27, 2005)). Other relevant factors may include the merits of the appeal. Charles Steven Shivers v. State, No. M2014-00455-CCA-R3-PC, 2015 WL 1598050, at *2 (Tenn. Crim. App. Apr. 7, 2015), perm. app. denied (Tenn. July 20, 2015). We are mindful that "[w]aiver is not

automatic and should only occur when 'the interest of justice' mandates waiver. If this court were to summarily grant a waiver whenever confronted with untimely notices, the thirty-day requirement of Tennessee Rule of Appellate Procedure 4(a) would be rendered a legal fiction." Id. (citing Michelle Pierre Hill v. State, No. 01C01-9506-CC-00175, 1996 WL 63950, at *1 (Tenn. Crim. App. Feb. 13, 1996), perm. app. denied (Tenn. May 28, 1996)).

In considering whether waiver of the untimely filing is called for in this case, we find a summary of the law regarding the Defendant's underlying claim to be beneficial. When a trial court revokes a community corrections sentence, the defendant is statutorily entitled to sentencing credit toward time actually spent in the community corrections program prior to the revocation. See Tenn. Code Ann. § 40-36-106(e); Carpenter v. State, 136 S.W.3d 608, 612 (Tenn. 2004). "The award of credit for time served on community corrections is mandatory, and the trial court has no authority to deny credit no matter how lackluster or unsuccessful the defendant's performance." Jackson v. Parker, 366 S.W.3d 186, 190 (Tenn. Crim. App. 2011) (internal quotation omitted); see also State v. McNack, 356 S.W.3d 906, 910 (Tenn. 2011) ("Our courts have held that the language of the statute as to sentence credits is mandatory, not discretionary."). However, a defendant's entitlement to these sentencing credits terminates upon the issuance of a violation warrant. McNack, 356 S.W.3d at 912 (relying on State v. Shaffer, 45 S.W.3d 553 (Tenn. 2001)); see also Carl Jones Jr., v. Doug Cook, et al., No. E2015-01371-CCA-R3-HC, 2016 WL 2605985, at *3 (Tenn. Crim. App. May 4, 2016); State v. Dennis Karr, No. E2014-01245-CCA-R3-CD, 2015 WL 1593635, at *3 n.3 (Tenn. Crim. App. Apr. 7, 2015) (citing McNack for the same proposition).

The Defendant's argument centers on his assertion that he is entitled to service credits up until the day his community corrections sentence was placed in final revocation status because he continued to report while awaiting disposition on community corrections violation allegations. However, the relevant case law provides a "bright-line rule" that "the filing of the revocation warrant begins the tolling of sentence credits in a community corrections program[.]" McNack, 356 S.W.3d at 912. With that in mind, the trial court's tally of credits due to the Defendant is not blatantly incorrect or illegal. Therefore, we determine that the interest of justice does not necessitate waiver of the timely filing of the notice appeal and dismiss the appeal.

## CONCLUSION

Based on the foregoing authorities and reasoning, the appeal is dismissed.

_____
ALAN E. GLENN, JUDGE

- 5 -