IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 27, 2021

## STATE OF TENNESSEE v. MARVIN MAGAY JAMES GREEN

**Appeal from the Criminal Court for Sullivan County**
**No. S52556   William K. Rogers, Judge**
_____

### No. E2020-00968-CCA-R3-CD
_____

JOHN EVERETT WILLIAMS, P.J., concurring in the result.

I write separately because I disagree with the majority's interpretation of the issue raised on appeal by the Defendant. The majority, concluding that the Defendant's contention is unclear, addresses the issue as one of pretrial jail credits or day-for-day service. I believe that, on the contrary, the Defendant asserts that his sentence is illegal or contains a clerical error because he was denied 128 days of sentence reduction credits which he earned prior to the imposition of his sentence. Because this type of claim must be addressed via the Uniform Administrative Procedures Act, I would affirm the denial of relief on this basis.

The Defendant pled guilty in 2008 to simple possession of marijuana, possession of 0.5 grams or more of cocaine with intent to sell in a drug-free school zone, maintaining a dwelling where controlled substances are used or sold, and possession of drug paraphernalia. *See* T.C.A. § 39-17-418; T.C.A. § 39-17-417, T.C.A. § 39-17-432; T.C.A. § 53-11-401; T.C.A. § 39-17-425. All of his sentences were to run concurrently with his fifteen-year sentence for the drug-free school zone offense, and the judgment forms reflect that he was granted 508 days of pretrial jail credit, from August 18, 2006, to January 8, 2008.

The Defendant is no stranger to post-judgment litigation. *See State v. Marvin Green*, No. E2018-00251-CCA-R3-CD, 2019 WL 1569255, at *2 (Tenn. Crim. App. Apr. 11, 2019), *no perm. app. filed*; *State v. Marvin Magay James Green*, No. E2013-02425-CCA-R3-CD, 2014 WL 2957716, at *4 (Tenn. Crim. App. June 30, 2014) (concluding that the drug-free school zone offense contained a clerical error in designating a release eligibility date when such a date was prohibited by statute requiring the service of the entire fifteen years), *perm. app. denied* (Tenn. Nov. 20, 2014); *Marvin Green v. Jerry Lester, Warden*, No. W2013-02525-CCA-R3-HC, 2014 WL 2941237

(Tenn. Crim. App. June 26, 2014), *perm. app. denied* (Tenn. Nov. 19, 2014); *Marvin Green v. Avril Chapman, Warden*, No. M2013-02715-CCA-R3-HC, 2014 WL 2001031, at *2 (Tenn. Crim. App. May 14, 2014) (denying habeas corpus relief and noting that T.C.A. § 39-17-432 "required full service of the minimum sentence") *perm. app. denied* (Tenn. Sept. 19, 2014).

On November 22, 2019, the Defendant filed a motion to correct a clerical error or motion to correct an illegal sentence under Tennessee Rule of Criminal Procedure 36 and 36.1. In his motion, the Defendant asserted he had been denied 128 days of "pretrial behavior credits." He elaborated that the trial court had orally ordered him to receive credit for the time he had actually served but that "none of the uniform judgment[s] reflect[] the mandatory 128 pretrial behavior credits." The trial court denied the Rule 36 and Rule 36.1 motion.

While I agree with the majority that the Defendant's appellate brief is less than clear in framing the issue, the Defendant asserts in his reply brief that he did not receive "sentence reduction credits for good institutional behavior prior to imposition of [the] sentence" and cites to Tennessee Code Annotated section 41-21-236(e), which concerns sentence reduction credits. The Defendant distinguishes the 508 days of pretrial jail credit which he received for time he actually served prior to trial, and he states that he is not contesting pretrial jail credits. Accordingly, I would not rely on Tennessee Code Annotated section 40-23-101, which concerns pretrial jail credits, to analyze the Defendant's claim.

Instead, I believe the claim raised by the Defendant should be analyzed under Tennessee Code Annotated section 41-21-236, which concerns "[t]ime reduction credits" and provides that an inmate who exhibits good behavior may earn up to eight days each month in "time credits" toward the sentence imposed. T.C.A. § 41-21-236(a)(2)(A), (e)(2). Subsection (e) states that "[s]entence reduction credits for good institutional behavior as authorized by this section shall also be awarded to all convicted felons for the time incarcerated prior to the imposition of sentence." T.C.A. § 41-21-236(e)(1). While such credits are generally awarded automatically absent an objection from the superintendent or jailer, "no convicted felon shall have a right to the credits nor shall the felon have a right to appeal the superintendent's or jailer's determination concerning the number of sentence reduction credits a particular felon should be awarded as set out in the superintendent's or jailer's written objection to the department." T.C.A. § 41-21-236(e)(3). The Defendant is asserting that during the 508 days (or sixteen months) that he was in jail prior to the plea, he earned eight days each month, for a total of 128 days.

The Defendant contends the absence of the credits in the judgment form renders the judgment illegal or is a clerical error. However, the Defendant cites to no authority

that such sentence reduction credits must appear in the judgment or that their absence would render the judgment illegal. *Compare State v. Brown*, 479 S.W.3d 200, 212 (Tenn. 2015) (awarding of pretrial jail credits is mandatory but failure to include them in the judgment does not render the judgment illegal). Although the statute concerning pretrial jail credits requires the court to "render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the … county jail or workhouse, pending arraignment and trial," there is no analogous provision in the statute concerning sentence reduction credits, which is found in Title 41 of Tennessee Code Annotated, a title which governs Correctional Institutions and Inmates. T.C.A. § 40-23-101(c); *see* T.C.A. § 41-21-236.

On the contrary, unlike pretrial jail credits, which are awarded by the court, sentence reduction credits are calculated by the Department of Correction and must be reviewed via the Uniform Administrative Procedures Act. *Jackson v. Parker*, 366 S.W.3d 186, 190 (Tenn. Crim. App. 2011), *distinguished by Yates v. Parker*, 371 S.W.3d 152, 156 (Tenn. Crim. App. 2012); *see* T.C.A. § 4-5-101, *et seq.*; *State v. Jackie Phillip Lester*, No. M2016-00700-CCA-R3-CD, 2017 WL 253165, at *2 (Tenn. Crim. App. Jan. 17, 2017); *see also James A. Vaughn v. State*, No. 01C01-9308-CR-00258, 1994 WL 53845, at *1 (Tenn. Crim. App. Feb. 24, 1994) (citing *State v. Christopher Oliver*, 1993 WL 152408, at *2 (Tenn. Crim. App. May 11, 1993), and *Matthew P. Finlaw v. Anderson County Jail*, No. 03C01-9212-CR-0048, 1993 WL 310312, at *2 (Tenn. Crim. App. Aug. 13, 1993), for the proposition that sentence reduction credits have been awarded by courts only in limited circumstances where the parties were in agreement that a clerical error was made). Because sentence reduction credits fall under a different procedural mechanism, this court ought not "'conflate[] sentence reduction credits, which are governed solely by the Department of Correction, with pretrial and post-judgment jail credits, which can be awarded only by the trial court.'" *Yates*, 371 S.W.3d at 156 (quoting *Tucker v. Morrow*, 335 S.W.3d 116, 122 (Tenn. Crim. App. 2009), *overruled on other grounds by Brown*, 479 S.W.3d at 212).

I note parenthetically that, under Tennessee Code Annotated section 39-17-432, a defendant sentenced for a violation of the prohibition against selling drugs in a drug-free school zone must serve at least the minimum sentence in the range, and that "[a]ny sentence reduction credits the defendant may be eligible for or earn shall not operate to permit or allow the release of the defendant prior to full service of the minimum sentence." T.C.A. § 39-17-432(c) (2008). The Defendant was sentenced to the minimum in his range. *See Marvin Green v. Avril Chapman, Warden*, 2014 WL 2001031, at *1-2 (observing that the Petitioner was sentenced to the minimum in his range and that statute "required full service of the minimum sentence").

The Defendant here does not raise any issue regarding pretrial jail credit.  Neither does he contest an order of day-for-day service of a sentence of less than one year in a county jail.  *See supra*, citing *Jeannie Hudson*, No. E2001-00377-CCA-R3-CD, 2002 WL 264625, at \*4-5 (relying on T.C.A. § 41-2-111(b), which governs credits earned by inmates sentenced to less than one year in a county jail or workhouse).  Because I believe that the Defendant's claim concerns sentence reduction credits and must be addressed via the Uniform Administrative Procedures Act, I concur in the conclusion that the trial court properly dismissed the case.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE