IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs March 3, 2026

**ANDREW WYLIE v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
No. 18-06386        Jennifer Johnson Mitchell, Judge

───────────────────────────────

**No. W2025-01421-CCA-R3-HC**

───────────────────────────────

Andrew Wylie, Petitioner, filed a pro se petition seeking a writ of habeas corpus ("the Habeas Petition"), claiming that his sentence had expired and that he was being illegally restrained of his liberty due to the trial court's refusal to award sentence credits for the time Petitioner served while on community corrections ("street credit"). The trial court summarily dismissed the Habeas Petition for failing to state a colorable claim. Because Petitioner failed to follow the mandatory procedural provisions of the habeas corpus statute, we affirm the trial court's summary dismissal of the Habeas Petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and KYLE A. HIXSON, JJ., joined.

Andrew Wylie, Memphis, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Kelly M. Telfeyan, Assistant Attorney General; and Steven J. Mulroy, District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**Procedural History**

The record on appeal is very scant. The following procedural history is quoted from the trial court's August 13, 2025 "Order Denying Petition for Writ of Habeas Corpus" ("the Habeas Order"):

On October 14, 2020, [Petitioner] pleaded guilty to Forgery over $10,000 and Identity Theft of property. [] Petitioner received a seven-year sentence, [R]ange II @ 35%, to be served through the Tennessee Community

Corrections Act ("Community Corrections").  On May 13, 2021, a violation warrant was issued for testing positive three separate times for cocaine and being discharged from Cocaine and Alcohol Awareness Program ("CAAP"). Petitioner was arrested on the warrant on May 17, 2021.  The [c]ourt held a hearing and found by a preponderance of the evidence he was in violation of his community corrections.  The court granted the Petition to Revoke the Suspended Sentence ("PRSS") and placed [] Petitioner back on Community Corrections for 7 years on July 26, 2021.

A second violation warrant was then issued on February 10, 2022[,] for being discharged from Synergy (inpatient treatment facility) for violating rules and absconding from supervision for twenty-two (22) months.  [] Petitioner was not taken into custody until December 27, 2023.  On February 1, 2024, following a hearing, the court granted the PRSS and ordered [] Petitioner to serve his sentence at the Shelby County Correctional Center. On June 3, 2024, four (4) months later, Petitioner filed a Petition to Suspend the Remainder of Sentence ("PSRS").  A Consent Order was entered on July 25, 2024[,] placing [] Petitioner back on Community Corrections expressly stating that Petitioner "waives any possible street credits" and that he is "starting his community corrections sentence from the beginning."[1]  This agreement was entered into by the parties without the court's involvement and the court was asked to approve the agreement.

On January 22, 2025, a third violation warrant was issued for Petitioner being re-arrested and found guilty of the offense of Theft of Merchandise under $1[,]000.  [] Petitioner was booked on February 2, 2025 on the warrant.  On May 5, 2025, [] Petitioner agreed that he was in violation of his Community Corrections.  The [c]ourt entered a Consent Order revoking Community Corrections and ordering execution of the original sentence.  The [Consent] Order stated that Petitioner "shall be allowed all jail [c]redit under the Community Corrections Act allowed by law."[2]

### The Habeas Petition

On June 6, 2025, Petitioner filed the Habeas Petition claiming that (1) the trial court refused to give him street credit for the time he spent serving his sentence on community corrections[3] and (2) had the trial court properly awarded mandatory street credit, his

---

[1] The Consent Order was filled out by hand on a Thirteenth Judicial District form order.

[2] The Consent Order did not list the jail credit.

[3] In the Habeas Order, the court erroneously stated that

sentence would have been fully served entitling him to immediate release from incarceration.

The habeas court concluded that "Petitioner has failed to show that his judgment is void or that he is being illegally restrained within the meaning of Tennessee habeas law" and summarily denied the Habeas Petition by order entered on August 13, 2025.[4]

### *Notice of Appeal*

Petitioner filed three untimely notices of appeal with the Appellate Court Clerk's Office: on September 17, 2025; September 19, 2025; and October 3, 2025. The first notice, filed September 17, 2025, states that it was "delivered" on August 30, 2025. Because Petitioner was incarcerated, we construe this assertion as an attempt to invoke the prison mailbox rule, which provides that "a paper required or permitted to be filed pursuant to the rules of criminal procedure" is deemed timely filed "if the paper was delivered to the appropriate individual at the correctional facility within the time set for filing." Tenn. R. Crim. P. 49(d)(1). However, Rule 49(d)(3) places the burden on a pro se litigant to establish compliance when timeliness is at issue. Tenn. R. Crim. P. 49(d)(3). Petitioner has failed to meet that burden.

Nonetheless, in the interest of justice, we waive the timely filing of the notice of appeal. See Tenn. R. App. P. 4(a) (providing that, in criminal cases, the notice of appeal "is not jurisdictional" and that timely filing may be waived).

---

[i]t is in this court's discretion to award 'street credit' when [] Petitioner has been in substantial compliance. That is not the case here. []Petitioner wants credit for not doing anything. This court gives him credit for the times he spent in jail pre-trial and each time he was arrested on a violation.

The granting of credit for time served on community corrections is mandatory, not discretionary, and a trial court does not have authority to deny that credit "no matter how lackluster or unsuccessful the defendant's performance." *Jackson v. Parker*, 366 S.W.3d 186, 190 (Tenn. Crim. App. 2011).

[4] On July 3, 2025, while the Habeas Petition was pending, counsel for Petitioner who approved the May 5, 2025 order filed "Defendant's Request for Additional 'Street Time' on his Community Corrections Sentence" ("Request for Street Time Credit"). The prayer for relief asked the trial court to grant Petitioner "all sentence credits that are allowed pursuant to the Community Corrections Act, including but not limited to the period of time from when he was placed back in the Community Corrections Program (07/25/24) through the issuance of the Warrant for a Violation (01/22/25)[.]" The record on appeal does not contain an order showing that the trial court ruled on the Request for Street Time Credit.

## Analysis

We glean from Petitioner's pro se brief that Petitioner claims that the trial court erred by finding that he agreed to waive sentencing credits and by failing to award mandatory street credits earned while he served his sentence on community corrections.[5] Petitioner argues that, if he were awarded the street credit to which he is entitled, his sentence of imprisonment would have expired, and therefore, he would be entitled to habeas corpus relief.

The State argues that the trial court properly dismissed the Habeas Petition because Petitioner failed to follow the procedural provisions of the habeas corpus statute, Tennessee Code Annotated section 29-21-107, and because Petitioner failed to state a colorable claim. Because Petitioner failed to follow the procedural provisions and failed to provide "an adequate record for summary review of a habeas corpus petition," we affirm the trial court's summary dismissal of the Habeas Petition. *Summers v. State*, 212 S.W.3d 251, 259 (Tenn. 2007).

### Habeas Corpus Claim

"Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting *State v. Galloway*, 45 Tenn. 326, 336-37 (1868)). There is no requirement that habeas corpus courts afford the habeas corpus petitioner an evidentiary hearing when the facts alleged in the petition, even if true, would not serve as a basis for relief. *See Russell v. Willis*, 437 S.W.2d 529, 531 (Tenn. 1969); *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280, 282 (Tenn. 1964). Whether habeas corpus relief should be granted is a question of law, so our review is de novo with no presumption of correctness afforded the habeas corpus court's findings and conclusions. *Summers*, 212 S.W.3d at 255.

### Procedural Requirements

Tennessee Code Annotated section 29-21-107 sets forth the mandatory statutory procedural requirements for petitions for habeas corpus relief. Subsection 107(a) requires that the petition for the writ be signed and "verified by affidavit." Subsection 107(b)(1) requires the petition to show that the petitioner is being illegally restrained of liberty and by whom and where the petitioner is being restrained. Subsection 107(b)(2) provides that if the restraint is caused by "virtue of any legal process," the petitioner must annex a copy

---

[5] Petitioner's brief does not have a table of contents, a table of authorities, or a statement of the issues presented for review and, therefore, does not comply with the requirements of Tennessee Rules of Appellate Procedure 27(a)(1), (2), and (4).

of the legal document causing the restraint or provide a satisfactory reason for not annexing a copy. Subsection 107(b)(3) requires the petition to state to the best of the petitioner's knowledge and belief that "the legality of the restraint has not already been adjudged upon a prior proceeding of the same character." Subsection 107(b)(4) requires the petition to state that "it is the first application for the writ," or if a previous application has been made, to annex a copy of the petition or satisfactory reasons for failing to attach a copy. "These procedural requirements 'are mandatory and must be followed scrupulously.'" *Summers*, 212 S.W.3d at 259 (quoting *Archer*, 851 S.W.2d at 165).

In this case, the Habeas Petition was not verified by affidavit. Neither a copy of the October 14, 2020 judgment of conviction that was the cause of the restraint nor the July 2021 and the February 2024 orders revoking his community corrections sentence were annexed to the Habeas Petition. The Habeas Petition failed to provide a satisfactory reason for not annexing a copy of those documents. The Habeas Petition also failed to state whether the legality of the restraint had been previously adjudicated or whether a previous petition had been filed. The copy of the May 5, 2025 order revoking Petitioner's community corrections sentence, which was annexed to the Habeas Petition, includes so many handwritten notations that we cannot reliably determine what the original order provided. The Habeas Petition also does not include a transcript from any hearing in this case.

A petitioner "bears the burden of providing an adequate record for summary review of a habeas corpus petition." *Id*. at 261. When a petitioner fails to attach to the habeas corpus petition "pertinent documents to support [the petitioner's] factual assertions[,] . . . [the] trial court may properly choose to dismiss the petition without the appointment of counsel and without a hearing." *Id*.

### *Conclusion*

Petitioner failed to follow the mandatory procedural provisions of the habeas corpus statute and failed to provide an adequate record to show that Petitioner's "sentence of imprisonment or other restraint has expired." We, therefore, affirm the trial court's summary dismissal of the petition.

s/*Robert L. Holloway, Jr.*

ROBERT L. HOLLOWAY, JR., JUDGE

- 5 -